Parker, C. J.,
delivered the opinion of the Court.
The objections made to the plaintiff’s title to the logs, which are the subject of this suit, deserve consideration.
It is said, in the first place, that the transfer attempted by William Jewett to the plaintiff cannot be viewed as a mortgage or pledge of the logs, as security to the plaintiff for his liability upon said William’s note to the bank ; because there was no actual delivery to, or possession by, the plaintiff, of the thing pledged, under the bill of parcels exhibited in the case ; because, also, the parties intended the transfer should be absolute, and cannot now consider it conditional, to avoid .the consequences of an absolute sale under such circumstances ; and because, also, there was no consideration for the transfer, there being no absolute debt due from said William to the plaintiff
But neither of these objections is, in our opinion, sufficiently maintained.
There was all the delivery which could have been usefully made of property of this nature. A person was appointed by the vendor to deliver the logs lying within a boom, who went within sight of them with the vendee, and showed them to him. This was as effectual, for such kind of property, as a delivery over in hand of a chattel capable of such personal possession.† There was no necessity afterwards, that the vendee should place a person over the logs, to take care of them for him. He did as others do with similar property ; suffered it to lie within a boom, until he should have occasion to use it; and when the defendant claimed the logs, as belonging to the estate of his intestate, the plaintiff exhibited his bill of parcels, and declared them to be his property.
[ * 303 ] * Nor will the acts of care or ownership exercised by the defendant, as administrator, vary the case ; for it was his duty to protect from waste and accident property belonging to the *265 estate, which had been pledged for a sum less than its value ; as he might eventually have to administer upon this very property.
As to the intent of the parties to make this transfer pass for absolute, although really conditional, we see no facts from which a jury would presume, or which can in law be construed to have, that effect. The bill of parcels is in the usual form practised with regard to merchandise actually sold. But it does not necessarily follow that the parties intended to give the transaction that appearance. If they did, they showed but little skill in their contrivance. The logs are estimated at several hundred dollars more than the note on which the plaintiff was liable ; and the receipt on the bill shows the consideration to have been the plaintiff’s liability only upon a note of hand in the bank. It would be impossible to set this up as an absolute sale under these circumstances ; and especially as the parties called a witness, to whom the real state of the transaction was communicated, and discovered no disposition to conceal any thing.
With respect to the consideration, whatever objections might lie, considering this as an absolute sale, on account of the contingency of the plaintiff’s obligation to pay any thing, or the difference between it and the value of the logs, these objections vanish when the transfer is viewed as a pledge. For a liability to pay on a contract in force is a sufficient consideration for a mortgage or pledge ; and the ratio of the consideration to the value of the thing pledged is of no importance.
With regard to the objection of fraud, this has been answered in the foregoing observations ; and, upon the whole, it is the opinion of the Court that the plaintiff is entitled to judgment.

Defendant defaulted.

 Rice vs. Austin, 17 Mass. Rep. 197. — Badlam vs. Tucker et al., 1 Pick. 389. — Vide Lanfear vs Sumner, 17 Mass. Rep 110. — Holmes vs. Crane, 2 Pick. 607. — Draftman et al. vs. Searle, 3 Pick. 38. — Peters et al. vs. Ballestier, 3 Pick. 495. — Gardner vs. Howland, 2 Pick. 599 — Butterfield vs Baker, 5 Pick. 522. — Flagg vs. Dryden, 7 Pick. 52. — Shumway et al. vs. Rutter, 7 Pick. 56 — Joy vs. Sears, 8 Pick. 4.