JAMES INGALLS *vs.* HORATIO G. HERRICK.

The owner of a lot of wool, stored in his factory, sold it in good faith and for value, to a buyer who purchased on his previous knowledge and examination of the lot, and to sell again; agreed to keep the wool for a while where it was, on storage for the buyer, who had no place of his own to store it in; received the buyer's direction to furnish him with samples of the wool to resell it by; opened some of the bales, took samples out of them, and sewed them up again; and then delivered the samples to the buyer, together with a bill of parcels, specifying the numbers, marks and weights of the bales, and acknowledging receipt of the contract price. *Held,* that there was evidence for the jury of a delivery of the wool as against a subsequently attaching creditor of the seller.

TORT against the sheriff of Essex for the conversion of twenty-one bales of flocks of wool, attached on December 17, 1868, by a deputy of the defendant, as property of William H. Lougee, in a suit against Lougee by one of his creditors.

At the trial in the superior court, before *Lord,* J., the plaintiff introduced evidence which tended to show that on December 16, 1868, he bargained with Louis H. Bosworth, Lougee's duly authorized agent, for a purchase of the flocks at an agreed price; that he bought them to sell again; that the bales were numbered and marked, weighed 7818 pounds, were of about the ordinary size of bales of cotton, and were stored in Lougee's factory; that he told Bosworth that he had no place of his own to store them in, and should wish to have them remain for a while where they were, and would pay storage on them, and Bosworth agreed to this; that he also told Bosworth that he was going to New York the next day, and must have some samples of the flocks to take with him, to resell them by; that on the evening of the same day, at Lougee's counting-room in Lawrence, he received a bill of parcels of the flocks, dated that day and signed by Lougee, speci-

fying the numbers, marks and weights of the bales, and acknowl-
edging receipt of the agreed price, to wit, $360.64 for six bales,
weighing 2254 pounds, at 16 cents per pound, and $612.04 for
fifteen bales, weighing 5564 pounds, at 11 cents per pound; that
at the same time Bosworth gave him parcels of the two kinds of
flocks; and that he saw the flocks in the store room at the fac-
tory a week or two before December 16, but did not see them on
that day, nor afterwards until they had been attached by the de-
fendant's deputy.

Bosworth testified, among other things, " that after the bargain
was made he went to the factory and examined the bales to get
the number and weight of each bale, and wrote the bill of parcels
afterwards signed by Lougee, and delivered it to the plaintiff;
that he opened two of the bales and took out small quantities of
the flocks, which the plaintiff wanted for samples to sell by, and
then sewed up the bales; that he met the plaintiff during the
afternoon, and told him that the bill and the samples would be
ready for him that evening, at Lougee's counting-room; and that
he gave these flocks to the plaintiff at the time of the delivery of
the bill of sale."

This was all the evidence of a delivery; and the judge ruled
that it would not authorize the jury to find a delivery of the
goods as against the attaching creditor of the buyer, and directed
a verdict for the defendants. The plaintiff alleged exceptions.

*J. K. Tarbox,* for the plaintiff.

*S. B. Ives, Jr., & S. Lincoln, Jr.,* for the defendant.

COLT, J. It was ruled as matter of law, in this case, that the
jury would not be authorized upon this evidence to find a delivery
of the baled flocks, sufficient to pass a title valid as against cred-
itors of the seller.

There was evidence tending to show that the bargain for the
sale was made with one Bosworth, an agent of the seller. A re-
ceipted bill of parcels, signed by the seller himself, which con-
tained a description of the bales by number, mark and weight,
was afterwards delivered by the agent to the plaintiff. The sub-
ject matter of the sale was all the baled flocks then stored in the
seller's factory. It was thus a completed contract of sale, and as

between the parties the title passed to the plaintiff. Was there evidence to go to the jury of a delivery sufficient as to creditors ? This is the only question, and in disposing of it we must take the sale to have been made in good faith and for a valuable consideration.

Upon this question, there was evidence tending to show that the flocks were bought for resale ; that the bales were large, not easily moved, and requiring room for storage ; that the plaintiff, having no convenient place, agreed with Bosworth, at the time of the bargain, to let them remain where they were, and pay storage, and directed him to obtain samples of the flocks, which he, the plaintiff, could take with him to New York to sell by ; and that Bosworth accordingly opened the bales, took out samples of two kinds of flocks, sewed up the bales, and gave the samples to the plaintiff at the time he delivered the bill of parcels. The plaintiff bought upon his own previous knowledge of the article, having seen the flocks at the store-room of the factory a week or two before. The samples were not required or used by him in reference to his own purchase, and Bosworth, in taking them from the bales, acted under the directions and as the agent of the plaintiff, and with reference to future sales by him. It was a significant act of ownership and possession on the part of the plaintiff, after the sale was agreed on, through Bosworth, acting in this respect as his agent. There is something more, therefore, here disclosed, than a mere contract of sale without delivery or possession under it. And we are of opinion, under the law heretofore laid down by the court, that the case should have been submitted, with proper instructions, to the jury.

It was early held that the possession of personal chattels by the vendor after an alleged sale is not conclusive evidence of fraud. Upon proof that the sale was made in good faith and for a valuable consideration, and that the possession after the sale was in pursuance of some agreement not inconsistent with honesty in the transaction, the vendee might hold against creditors. *Brooks* v. *Powers*, 15 Mass. 244. It was declared by Morton, J., in *Shurtleff* v. *Willard*, 19 Pick. 202, 211, that, whatever the rule upon this point may be in England or elsewhere, it is per-

fectly well settled in a series of cases here, that the possession of the vendor is only evidence of fraud, which, with the manner of the occupation, the conduct of the parties, and all other evidence bearing upon the question of fraud, is for the consideration of the jury. It is certain that slight evidence of delivery is sufficient; and if the buyer with the consent of the seller obtains possession before any attachment or second sale, the transfer is complete without formal delivery. *Shumway* v. *Rutter*, 8 Pick. 443. A delivery of a portion in token of the whole is a sufficient constructive delivery as against creditors, although the goods are in the possession of various persons. *Legg* v. *Willard*, 17 Pick. 140. In *Hardy* v. *Potter*, 10 Gray, 89, the jury were told that, although the plaintiff only took a bill of sale, yet, if prior to the attachment he had been to the place where the lumber was, and had exercised acts of ownership over it, by virtue of his purchase, that would constitute a delivery of it good against a subsequent attachment. And this instruction was held not open to exception, although the evidence was that the purchaser had only been to Beverly and seen the lumber there. See also *Phelps* v. *Cutler*, 4 Gray, 137 ; *Tuxworth* v. *Moore*, 9 Pick. 347 ; *Bullard* v. *Wait*, 16 Gray, 55 ; *Ropes* v. *Lane*, 9 Allen, 502, and 11 Allen, 591.

The fact that the possession of the property is retained by the vendor by agreement, and does not follow the bill of sale, is held by this court to be, in most of the cases, evidence of fraud, to go to the jury. In many of the states, the fraud is held to be an inference of law resulting inevitably from the possession. And such was supposed to be the earlier English rule, as laid down in *Edwards* v. *Harben*, 2 T. R. 587 ; but the only point there decided was, that an absolute conveyance without possession, if there be nothing but that, is in point of law fraudulent. In the more recent cases, it has been declared that the continued possession by the vendor, of goods sold, is a fact to be considered by the jury, as evidence of fraud, and is not in law a fraud in itself. *Martindale* v. *Booth*, 3 B. & Ad. 498. Benjamin on Sales, 363.

There was evidence here of delivery, which should have been submitted to the jury.			*Exceptions sustained.*