EDWARD J. COLEMAN *vs.* J. M. HAWKES & another.

Norfolk. Jan. 25. — Sept. 8, 1876. ENDICOTT & DEVENS, JJ., absent

The St. of 1866, *c.* 193, allowing a magistrate a fee of one dollar for any notice or certificate required to be made or issued by him under the Gen. Sts. *c.* 124, does not make the payment of the fee a condition precedent to the discharge, under § 48 of that chapter, of a poor debtor, at whose examination there is no attendance by or upon behalf of the creditor.

If a poor debtor is entitled to his discharge from arrest, the refusal of the magistrate to give him a certificate of such discharge is not a breach of the recognizance entered into by him under the Gen. Sts. *c.* 124, § 10.

CONTRACT on a recognizance entered into under the Gen. Sts. *c.* 124, § 10, by George Francis as principal, and the defendants as sureties, and conditioned that Francis, who had been arrested upon mesne process, should, within thirty days from the day of the arrest, deliver himself up for examination before some magistrate authorized to act, giving notice of the time and place thereof in the manner provided by law, and appear at the time and place fixed for his examination, and from time to time until the same was concluded, and not depart without leave of the magistrate, making no default at any time fixed for his examination, and abide the final order of the magistrate thereon.

At the trial in the Superior Court, before *Bacon*, J., the plaintiff called as a witness the magistrate who had issued the notice of the desire of Francis to take the oath for the relief of poor debtors, and who read from his docket the following minutes made by him, testifying that he had made no extended record. and that these minutes were his only record of the matter; viz.. " Citation at my office, Hyde Park, October 2, 1874, at 4 o'clock P. M. Defendant and attorney appeared. No appearance by creditor or attorney. No certificate of discharge given for want of prepayment of fee for the same. Defendant departed without consent of magistrate." The magistrate, upon cross-examination, was allowed, against the plaintiff's objection, to testify that he was present during the hour fixed for the examination; that Francis and his counsel were present; that neither the plaintiff, nor any one on his behalf, attended; that at the expiration of the hour fixed for the examination, he, the magistrate, made out a certificate of the discharge of Francis from arrest

and demanded the payment of one dollar as his fee for the same, which was refused, and that thereupon he destroyed the certificate, without having delivered it to Francis or his attorney; that Francis departed without his, the magistrate's consent, which was withheld solely upon the ground of the refusal of Francis to pay the fee for the certificate.

The judge ruled that the facts disclosed did not constitute a breach of the recognizance, and directed the jury to return a verdict for the defendants; and, by the consent of the parties, reported the case for the consideration of this court; judgment to be entered on the verdict, if the rulings were correct; otherwise, a new trial to be ordered.

*L. L. Scaife*, for the plaintiff.

*J. E. Cotter*, for the defendants.

LORD, J. The legal effect of the magistrate's record, unaided by the parol testimony objected to, is the same without as with the evidence; its competency is therefore immaterial. By that record, without examination and without the payment of any fees, the debtor was entitled to be discharged from arrest and imprisonment. Gen. Sts. *c.* 124, § 48. The St. of 1866, *c.* 193, changes the amount of fees of the magistrate, but does not in terms make any change in respect to the person by whom they are to be paid. If by implication the fee of one dollar is to be paid by the debtor, which we do not mean to intimate, the payment of such fee is not a condition precedent to his right to discharge. It is not necessary to consider what would be the effect, if any, of the absence of the magistrate's certificate in any subsequent proceedings upon the execution. So far as the debtor entered into any contract with the creditor, he has fully performed it; and the magistrate could not, by refusal to make a certificate, deprive him of rights which by law had already become fixed.           *Judgment for the defendants.*