### CRAWFORD & a. v. FORRISTALL.

A subsequent vendee of a chattel, with possession, and without notice of a prior sale, has a good title as against a prior vendee with no possession.

TROVER, for a wagon. The defendant, March 12, 1873, bought the wagon of his brother James for $60, the wagon being two and a half miles away, in an open shed, on a farm formerly owned by the defendant's father. The defendant did not see it that day. Subsequently, on the same day, James offered it to the plaintiffs for $70, to be endorsed on their note against him; and on the morning of the 13th they rode to where it was, concluded to take it on the terms offered, drew it into the road, but, finding it difficult to draw it home, drew it back, and left it with one Smith to keep and to send to them. The next day the defendant took the wagon and converted it to his own use. The jury found, specially, the value of the wagon to be $46.66; that the plaintiffs bought and accepted it of James Forristall, March 13, 1873, and received possession of it the same day; that the defendant bought and accepted it March 12, 1873, but did not receive possession of it on that day. Both parties claimed judgment on this verdict.

*Aldrich & Shurtleff* and *Ladd*, for the plaintiffs.

*Dudley* and *Ray, Drew & Jordan*, for the defendant.

ALLEN, J. The general rule is, that delivery of possession is necessary to the conveyance of a title to personal chattels, as against every one except the vendor; and a subsequent purchaser, with no notice of a prior sale, receiving possession, has a better title than one who has before purchased the same thing with no delivery of possession. 1 Pars. Con. 529; *Ricker* v. *Cross*, 5 N. H. 570; *Shumway* v. *Rutter*, 7 Pick. 56; *Jewett* v. *Warren*, 12 Mass. 300; *Lanfear* v. *Sumner*, 17 Mass. 110. The purchase of the wagon by the defendant, in this case, unaccompanied by possession, gave him no title against the subsequent purchase by the plaintiffs, who received possession. Admitting the good faith of the parties, and that they stand on equal grounds as to notice of each other's rights, the defendant neglected the very obvious duty of taking possession of the property; and the

plaintiffs, finding it in the control of the vendor, should not be made to suffer for the defendant's neglect.    None of the circumstances, which the law makes an exception to the rule requiring delivery of possession, exist in this case.    The property was not bulky nor immovable.    It was not at such a distance from the place of the trade that the defendant could not, by ordinary diligence, have asserted his title and taken possession before the plaintiffs.    Under such circumstances the plaintiffs' title is the better one.

*Judgment for the plaintiffs.*

DOE, C. J., and BINGHAM, J., did not sit.