EDWARD C. DEMPSEY vs. WILLIAM T. GARDNER.

Suffolk. March 14.— Sept. 4, 1879. MORTON & ENDICOTT, JJ., absent.

The delivery of a bill of sale of a chattel to the purchaser, for a valuable consideration, with no actual or symbolical delivery of the chattel, is not sufficient to pass the title as against a subsequent attaching creditor of the seller.

TORT for the conversion of a horse. The defendant, a constable, justified under a writ against Margaret C. Dempsey, the plaintiff's mother, by virtue of which he attached and sold the horse as her property.

At the trial in the Superior Court, before *Pitman*, J., the plaintiff contended that he was the owner of the horse at the time of the attachment; and offered evidence tending to show that, about three months before the attachment, having previously advanced to his mother considerable sums of money, equal to or greater than the value of the horse, he received from her, upon payment of $15 in addition, a bill of sale of the horse for $260; which bill of sale he produced and proved, and testified that he bought the horse at that time from his mother. His mother also testified that she sold the horse to the plaintiff at that time. It further appeared that the horse had been always used in the family; that the mother lived in her own house, and the horse was kept in her barn and continued to be kept there after the bill of sale was delivered to the plaintiff; and that the latter did not live with his mother, but frequently went to see her; and he testified that, at such times, he saw the horse, as he also testified he did before the sale.

The plaintiff's counsel, in reply to a question by the judge, admitting that there was no evidence of delivery for the consideration of the jury, except such as might be implied from the execution and delivery of the bill of sale, the judge ruled that the plaintiff had not shown a title good as against a subsequent attaching creditor; and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. P. Treadwell*, for the plaintiff.

*C. Robinson, Jr.*, for the defendant.

GRAY, C. J. If the testimony at the trial was believed, the title in the horse passed as between the parties to the sale.

*Pratt* v. *Parkman*, 24 Pick. 42, 46.   *Morse* v. *Sherman*, 106 Mass. 430.   *Dugan* v. *Nichols*, 125 Mass. 43.

But by the law as established in this Commonwealth, it was necessary, as against subsequent purchasers or attaching creditors, that there should be a delivery of the property.   No such delivery, actual or symbolical, was proved.   The buyer did no act by way of taking possession or exercising ownership, and the seller did not agree to hold or keep the horse for him.   The plaintiff's counsel, as he states in his bill of exceptions, in reply to a question from the judge presiding at the trial, expressly admitted that there was no evidence of delivery for the consideration of the jury, except such as might be implied from the execution and delivery of the bill of sale.   That was not enough.   *Carter* v. *Willard*, 19 Pick. 1.   *Shumway* v. *Rutter*, 7 Pick. 56, 58, and 8 Pick. 443, 447.   *Packard* v. *Wood*, 4 Gray, 307.   *Rourke* v. *Bullens*, 8 Gray, 549.   *Veazie* v. *Somerby*, 5 Allen, 280, 289.

The cases cited for the plaintiff are quite distinguishable from this.   In *Tuxworth* v. *Moore*, 9 Pick. 347, and in *Bullard* v. *Wait*, 16 Gray, 55, the horse was in the possession of a third person, to whom notice of the sale was given.   In *Chapman* v. *Searle*, 3 Pick. 38, and in *Ingalls* v. *Herrick*, 108 Mass. 351, there was an express agreement that the seller should hold the property on storage for the buyer.   In *Thorndike* v. *Bath*, 114 Mass. 116, the article was by express agreement left after the sale with the seller to be finished for the buyer.   In *Dugan* v. *Nichols*, 125 Mass. 43, the question arose between the buyer and the assignee in bankruptcy of the seller, who had no greater rights than the seller himself; and the decision was put upon that ground.

The case of *Hardy* v. *Potter*, 10 Gray, 89, was an action of trover against a deputy-sheriff for attaching a quantity of lumber on mesne process against one Adams in January 1856.   At the trial the plaintiff testified that he bought the lumber from Adams in the State of Maine in October 1855, took bills of sale of it, and paid for it by his promissory notes; that the lumber was then lying upon certain wharves in Beverly in this Commonwealth, in the custody of one Cross, an agent of Adams and to whom Adams promised to write; that nothing more was to be done between the plaintiff and Adams in relation to the sale; and that in the fall of 1855 the plaintiff saw the lumber in Bev-

erly. Upon that evidence the plaintiff rested his case. But the report, as published, is imperfect, as we find by referring to the original bill of exceptions, in not stating that Cross, being afterwards called as a witness for the defendant, testified, among other things, " that he was informed in the latter part of October 1855 by Adams by letter that he had sold all the lumber, but was not informed to whom the sale was made ; that he learned for the first time in December 1855 that the property had been sold to the plaintiff." This fact, though not particularly noticed in the very brief opinion upon the point of delivery, may well have had an important influence upon the decision; for where property sold is at the time in the custody of a third person, notice to him of the sale is sufficient to constitute a delivery as against subsequent attaching creditors. *Tuxworth* v. *Moore,* 9 Pick. 347. *Carter* v. *Willard,* 19 Pick. 1. *Russell* v. *O'Brien, ante,* 349. *Exceptions overruled.*