GEORGE W. HOBBS *vs.* L. B. CARR.

Worcester.　Sept. 30. — Oct. 27, 1879.　ENDICOTT & LORD, JJ., absent.

A. agreed to sell and B. agreed to buy a quantity of ashes in A.'s possession at a
certain price by the bushel.　B. directed A. to remove the ashes, and A., acting
as the agent of B., had removed a portion of them to the place designated by
B., when the whole of the ashes was attached by an officer on a writ against A.
*Held,* in an action by B. against the officer for a conversion of the ashes, that,
by the contract of sale, the title to the whole quantity passed immediately as
between A. and B.; and that there was a sufficient delivery to enable B. to
hold the property as against an attaching creditor of A.

TORT for the conversion of eight hundred bushels of ashes.
The defendant, a deputy sheriff, justified under a writ against
Charles A. Irons, by virtue of which he attached the ashes as
his property.　Trial in the Superior Court, without a jury,
before *Dewey,* J., who, after verdict for the plaintiff, reported
the case for the consideration of this court in substance as
follows :

On March 30, 1877, Charles A. Irons, who was the owner of
a large quantity of ashes, which was on his premises, made a
bill of sale of the same to the plaintiff, the consideration and
agreement as to the same being as follows : Irons owed the
plaintiff $20, and the latter had in his hands for collection de-
mands against Irons to the amount of $34, and they agreed
that the plaintiff should purchase all the ashes of Irons at the
rate of fifteen cents per bushel, and that, after he had sold the
same, he should account to and pay over to Irons whatever
balance remained over and above the $54.

The plaintiff never went on the premises where the ashes
were, but, on the day of the sale, he directed Irons to obtain
permission of one Taft, who owned a tract of land near that
occupied by Irons, to have the ashes, as they were removed,
placed on Taft's land.　Irons, in behalf of the plaintiff, obtained
such permission, and had removed one hundred and twenty-six
bushels of the ashes to Taft's land, when the defendant, on
April 4, 1877, attached those ashes and also the ashes remaining
on Irons's land on a writ against Irons, and prevented the re-
moval of the remaining ashes.　All the ashes were subsequently
sold by the defendant, on the execution issued on the judgment

rendered in said suit. At the time of the attachment there were remaining on Irons's land five hundred and twenty-six bushels of ashes, the value of which was twenty cents per bushel.

Upon the above facts, the plaintiff contended that there was a sale and delivery to him of all the ashes. The defendant contended that there had never been such sale and delivery, and that Irons had an attachable interest in the same on April 4.

The judge found for the plaintiff in the sum of $25.20, for the value of the ashes deposited on Taft's land. If the plaintiff was entitled to recover for all the ashes, judgment was to be entered for him for $130.40; if he was not entitled to recover, the verdict was to be set aside, and judgment entered for the defendant.

*G. F. Verry*, for the plaintiff.

*J. Hopkins*, for the defendant.

GRAY, C. J. The report shows that Irons had agreed to sell, and Hobbs to buy, the whole quantity of ashes at a certain price by the bushel; and that Irons had been directed by Hobbs to remove the ashes, and, acting as his agent, had removed a considerable part of them to a place designated by Hobbs, before they were attached as the property of Irons. It was not contended at the trial, nor at the argument, that, if the title passed, it was by way of pledge or mortgage. These facts show, 1st, a contract by which the title to the whole quantity passed immediately, as between the parties; and 2d, an actual delivery of part, in token of a delivery of the whole, which was sufficient to enable the buyer to hold the property as against an attaching creditor of the seller. *Leonard* v. *Davis*, 1 Black, 476. *Macomber* v. *Parker*, 13 Pick. 175. *Legg* v. *Willard*, 17 Pick. 140. *Riddle* v. *Varnum*, 20 Pick. 280. *Stinson* v. *Clark*, 6 Allen, 340. *Ingalls* v. *Herrick*, 108 Mass. 351. By the terms of the report, therefore, there must be

*Judgment for the plaintiff for the larger sum.*