## WALTON OSGOOD *vs.* CHARLES H. KEZAR.

Essex.   Nov. 5, 1884. — Jan. 9, 1885.   FIELD & C. ALLEN, JJ., absent.

In an action upon a poor debtor's recognizance, it appeared, from the agreed facts upon which the case was submitted, that an adjournment of the debtor's examination was to ten o'clock of a certain day, at his request, "with agreement that the debtor should in the mean while pay three dollars;" that, on the day appointed, the hearing was resumed at eleven o'clock; that the three dollars were not paid; and that the debtor was discharged. *Held*, that the agreed facts showed that the debtor was present before the hour elapsed; and that the payment of the three dollars by the debtor was not a condition of his right to be heard at the adjourned hearing, even if the magistrate had the right to impose such a condition.

CONTRACT upon a poor debtor's recognizance, entered into, under the Pub. Sts. *c.* 162, § 28, by one Magee as principal and by the defendant as surety, and containing the usual conditions. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, in substance as follows :

Due notice was given by the debtor of his desire to take the poor debtor's oath before a master in chancery, at ten o'clock A. M., on December 28, 1882, which notice was duly served upon the creditor.   The hearing was duly entered upon, and continued to January 2, 1883, at eight o'clock A. M., at which time an examination of the debtor was entered upon.   During said examination, the debtor asked for further continuance, which was granted to January 6, 1883, at ten o'clock A. M., with agreement that the debtor should in the mean while pay three dollars.   On January 6, the hearing was resumed at eleven o'clock A. M., by arguments on the effect of the debtor's non-payment of three dollars, which he did not pay.   The magistrate decided to proceed ; the creditor said that he had nothing further to say ; and thereupon the magistrate administered the poor debtor's oath to the debtor, and discharged him.

If, upon the above facts, the plaintiff was entitled to recover, judgment was to be · entered for him for the amount of the penalty of the recognizance ; otherwise, for the defendant.

*N. D. A. Clarke*, for the plaintiff.

*W. H. Gove*, for the defendant.

HOLMES, J.  The adjournment of the poor debtor's examination was to ten o'clock.  The hearing was resumed at eleven, and ended in the debtor's discharge.  If this is construed fairly, it can only mean that the debtor was present before the hour elapsed, and we are surprised that the contrary should have been argued.

The continuance was granted at the debtor's request, " with agreement that the debtor should in the mean while pay three dollars."  This may import that the agreement was the consideration for the creditor's not opposing the adjournment, but it does not even suggest that payment was a condition of the debtor's right to be heard at the adjourned hearing.  The magistrate's conduct shows that he had not intended to make such a condition; and it is therefore unnecessary to inquire by what authority he could have imposed it.  See *Coleman* v. *Hawkes*, 120 Mass. 594.                              *Judgment for the defendant.*