JOHN E. PARRY & others vs. FRED C. LIBBEY & others.

Suffolk. March 3, 1896. — May 21, 1896.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Conversion — Sale — Delivery — Mortgage of subsequently acquired Property — Evidence.*

A mortgagor of a quantity of brick under a mortgage purporting to cover subsequently manufactured brick executed a bill of sale, under seal, of brick made after the date of the mortgage, by which he purported to convey " a certain lot of brick, being brick now left in a certain kiln situated in the southerly end of brick shed . . . containing about two hundred thousand hard brick; also about one hundred thousand light hard brick, being piled partly in northern end of said shed and partly outside of shed." The brick being thus specified, the vendee gave a note for the price, went to the brickyard, which stood on land of a third person, took possession of the brick, counted it, and made arrangements with the vendor, in pursuance of which portions of it were, from time to time, shipped to him, and agreed orally that the vendor might deliver out of the brick sold a certain quantity to others. The mortgagee took possession of the brick under the mortgage, and the vendee, having made a partial payment on the note, subsequently brought an action for the conversion of the brick. *Held,* that the vendee was a purchaser for value; that there was a delivery of all the brick to him sufficient to pass the title as against the mortgagee, and that a finding was warranted that the oral agreement amounted to no more than a license to the vendor to take a certain amount from the vendee's brick if he thereafter wished so to do.

On the question of the delivery of a quantity of brick conveyed by a bill of sale, and left standing by the vendee on the premises where it was manufactured by the vendor, the judge, trying the case without a jury, having found as a fact that it had been delivered, and was not in the possession of the vendor, evidence that, after its sale, the vendor spoke of it as his, solicited orders for it, and delivered what he sold, is incompetent in derogation of the rights of the vendee, so far as such words or acts are not brought home to his knowledge.

TORT, for the conversion of a quantity of brick.

Trial in the Superior Court, without a jury, before *Dunbar, J.,* who found for the plaintiffs; and the defendants alleged exceptions. The material facts appear in the opinion.

*G. W. Anderson,* for the defendants.

*S. L. Whipple,* (*W. R. Sears* with him,) for the plaintiffs.

HOLMES, J. This is an action for the conversion of certain brick, and comes before us on the defendants' exceptions. The alleged conversion was a seizure of the brick under a mortgage

purporting to cover brick manufactured after its date, and the plaintiffs claimed title by delivery to them as *bona fide* purchasers for value under a bill of sale before the seizure by the defendants. The brick in question was made after the mortgage. The main questions raised by the exceptions are whether the judge ought to have ruled that there was no delivery of the brick to the plaintiffs, and also that no consideration was given by them for the bill of sale.

The bill of sale was an instrument under seal, and purported to convey to the plaintiffs "a certain lot of brick, being brick now left in a certain kiln situated in the southerly end of brick shed at South Clinton, Massachusetts, containing about two hundred thousand hard brick; also about one hundred thousand light hard brick, being piled partly in northern end of said shed and partly outside of shed." These words on their face purport to convey all the brick in the two distinct piles mentioned, and, there being no denial that the piles were distinct, parol evidence was not admissible to cut down their effect. *Harper* v. *Ross*, 10 Allen, 332. Testimony was admitted that it was agreed orally at the time of the sale that the vendors should have the right to deliver out of the brick a certain amount, it seems about 10,000 or 15,000 brick, that they wished to deliver to others. But apart from the objection just stated, the judge who tried the case was warranted in finding that this amounted to no more than a license to the vendors to take a certain amount from the purchasers' piles in case they should wish to do so thereafter.

The goods sold thus being specified, the parties went to the brickyard, and Parry says in terms that he took possession of it. He counted the brick, and made arrangements with one of the vendors personally to ship the brick as he should send word. Portions of the brick were shipped from time to time, in pursuance of the arrangement.

The land where the brick stood seems to have belonged to a third person, but nothing appears in the evidence which diminishes the effect of the facts stated. On these facts the judge was warranted in finding a delivery sufficient to pass the title to all the brick as against third persons. *Hobbs* v. *Carr*, 127 Mass. 532. *Ropes* v. *Lane*, 9 Allen, 502, 510; *S. C.* 11 Allen,

591.  *Hardy* v. *Potter*, 10 Gray, 89.  *Riddle* v. *Varnum*, 20 Pick. 280.

A question of evidence may be disposed of before passing from this subject.  The defendants offered to prove that the sellers of the brick, after the delivery to the plaintiffs, spoke of the brick as theirs, solicited orders for it, and delivered what they sold. The judge excluded evidence of such words or acts so far as they were not brought home to the knowledge of the plaintiffs.  The argument for the defendants assumes that the vendors were left in possession.  If they were not, the evidence was incompetent. *Horrigan* v. *Wright*, 4 Allen, 514.  *Roberts* v. *Medbery*, 132 Mass. 100.  Whether the vendors were in possession or not, constituted for this purpose one of those preliminary matters of fact which are to be found by the judge who tried the case, and on which his adverse finding is conclusive.  *Commonwealth* v. *Bishop*, 165 Mass. 148, 152.  *Commonwealth* v. *Brewer*, 164 Mass. 577.

A note for one thousand dollars was given by the plaintiffs in payment for the brick, on which three hundred dollars were paid by the plaintiffs after the seizure by the defendants, and which now is in the hands of the assignee.*  The money actually paid is part of the entire price.  We do not perceive on what ground we should deny the plaintiffs' right to be considered purchasers for value.  We are not called on to consider how the case would have stood had the assignee undertaken to avoid the sale as a fraud on creditors.  The assignee holds the note, and seemingly affirms the sale.

The right set up by the defendants was not a right to avoid the sale as a fraud on creditors, but a right to take possession under their mortgage.  That right was ended as soon as the delivery was made to Parry.  As against the mortgagee, the note was a valuable consideration.  The other exceptions are not argued.                    *Exceptions overruled.*

---

* The assignee in insolvency of the vendors, who testified that he held the note, and expected to realize on it as soon as the questions involved in the delivery of the brick were settled.