JAMES H. WHITTLE *vs.* LEVI W. PHELPS.

Worcester.    September 30, 1901. — May 20, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Sale*, Delivery.  *Contract*, Substituted performance.  *Lien*.

The owner of a brick yard in the town of Harvard agreed to furnish two hundred thousand bricks at $5 per thousand to be delivered in Worcester.  A few days later he gave the buyer a bill of sale of the bricks, in which they were described as two hundred thousand bricks, more or less as desired, to be shipped from the northerly end of a certain kiln consisting of the first ten arches.  The buyer thought he was buying merchantable bricks ready for delivery, and paid for them at once $800, retaining $200 to pay the freight.  By agreement the buyer went to the brick yard where there were nine and a half arches of bricks set up and connected together but not burned.  They were at the southerly end of the kiln named.  The seller said, "These are your brick," and placed his hand on the arches, saying "Here are nine and one half arches, and there should be ten arches, which they are drawing in at the present time."  The buyer said he was not ready to use the bricks, and the seller informed him that he could let them lie there as long as he pleased.  *Held*, that this evidence would warrant a finding, that there was a sale and delivery of the bricks; that although the buyer when he took the bill of sale supposed he was buying merchantable bricks and the arches were described as being ten at the northerly end of the kiln, he finally accepted in performance of this contract a delivery of nine and a half arches of unfinished bricks at the southerly end, with the understanding that they were to be completed by the seller, the delivery being such as the nature of the property allowed.

One who takes a lease of a brick yard and a mortgage on all the personal property contained in it, purporting to include certain arches of unburned bricks belonging to a third person, does not acquire any lien on those bricks or right to their possession by burning and completing them.

MORTON, J.  This is an action of replevin to recover possession of a quantity of brick.  The case was tried by a judge of the Superior Court without a jury, and there was a general finding for the plaintiff.  The defendant excepted to the refusal of the judge to rule that it did not appear that there was a suffi-

cient delivery to the plaintiff of the bricks replevied to pass the title, and that on all the evidence the plaintiff could not recover. The principal question relates to the delivery.   There was testimony tending to show that one Bailey, the owner of a brick yard in the town of Harvard, agreed with the plaintiff in July, 1899, to furnish him two hundred thousand bricks at $5 per thousand to be delivered in Worcester, and that a few days after, namely, July 11, Bailey executed and delivered to the plaintiff a bill of sale of the bricks in which they were described as "two hundred thousand bricks, more or less as desired, . . . to be shipped from the northerly end of kiln No. 3, consisting of the first ten arches, located in the southerly end of kiln shed." The description in the writ substantially followed this.   At the time of the execution of the bill of sale the plaintiff supposed that he was buying merchantable bricks ready for delivery, and it was agreed that he should pay for them at once, and he did so by giving his note for $800, retaining $200 to pay the freight. There was also testimony tending to show that it was agreed that the plaintiff should go to Harvard the following week and take possession of the bricks; that he went to the brick yard as agreed on July 18; that there were nine and a half or ten arches all set up and connected together but not burned; that Bailey put his hand on the arches on the southerly end of the kiln and said, "These are your brick"; "Here are nine and one half arches, and there should be ten arches, which they are drawing in at the present time"; that the plaintiff said that he was not ready to use the brick and would not be probably till the following spring and Bailey said he would let the bricks lie there as long as he pleased; that the plaintiff did not go to the brick yard again till the following April when he went to replevy the brick; and that the bricks that were replevied constituted eight and three quarters of the nine and a half arches of which the plaintiff took possession.   It also appeared that shortly after the plaintiff had been to Harvard, namely, July 26, Bailey made a mortgage to the defendant of the personal property in the brick yard which included in its terms the brick in question and on July 31 leased the premises to him for a year; that he told the defendant that he had sold two hundred thousand bricks to the plaintiff; and that more arches were set up and

added to those that were there and all were burned by the defendant.

Upon this evidence we think that it was competent for the judge to find that there was a sale and delivery to the plaintiff of the bricks that were replevied. The sale was not a sale of bricks to be manufactured but of the brick in the nine and a half arches in the state in which they were, with the understanding and agreement that they were to be completed by Bailey. At least such could have been found to be the case by the judge. It is true that the plaintiff supposed that he was buying merchantable bricks ready for delivery, and they were described in the bill of sale as at the northerly end, but when the sale was consummated by delivery it turned out to be of unfinished bricks, and to include the nine and a half arches which were there and turned out to be at the southerly end. Until delivery took place, the sale was executory, and it was competent for the parties to agree upon whatever they saw fit as the subject matter of it. The property was bulky in its nature and it was not necessary in order to constitute a delivery that the plaintiff should take manual possession of it. *Parry* v. *Libbey*, 166 Mass. 112. *Jewett* v. *Warren*, 12 Mass. 300. It was sufficient if the delivery was such as the nature of the property admitted of, and the judge must have so found. Assuming that only merchantable brick were to be paid for, there was nothing in that circumstance to prevent the judge from finding that there was a sale and delivery of the nine and a half arches. *Macomber* v. *Parker*, 13 Pick. 175. The description in the writ of the brick as at the northerly end of the kiln was immaterial. It did not affect the identity of the brick that were sold and delivered and that were replevied. The subsequent conduct of the defendant in taking possession of the bricks and completing their manufacture, gave him no rights in or lien on the bricks.

*Exceptions overruled.*

*C. F. Baker & W. P. Hall*, for the defendant.
*H. Parker*, for the plaintiff.