In re WAITE-ROBBINS MOTOR CO

(District Court, D. Massachusetts. April 26, 1911.)

No. 16,778.

1. BANKRUPTCY (§ 172*)—PROPERTY PASSING TO TRUSTEE.

Whether delivery of property sold by a bankrupt was sufficient to pass title is to be determined by the law of the state.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 172.*]

2. BANKRUPTCY (§ 184*)—PROPERTY PASSING TO TRUSTEE—UNCOMPLETED SALE BY BANKRUPT.

Petitioner bought from the bankrupt, and paid for, a motor truck, taking a bill of sale and an agreement to deliver on demand. When the petition in bankruptcy was filed more than a month afterward, no delivery had been made, but the truck was in use by the bankrupt and kept with a garage company, which had attached it for charges against bankrupt.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

*Held*, that under the law of Massachusetts which requires delivery to pass title as against attaching creditors or subsequent purchasers without notice, and Bankr. Act July 1, 1898, c. 541, § 47a(2), 30. Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840, which gives the trustee all the rights of a judgment creditor or a creditor holding a lien, the property passed to the trustee.

[Ed. Note.—For other cases, see Bankruptcy. Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

In the matter of the Waite-Robbins Motor Company, bankrupt. On review of order of referee dismissing petition of Walter G. Robbins to reclaim property from trustee. Affirmed.

Charles F. Rowley, receiver, pro se.

Roscoe Walsworth, for Robbins.

DODGE, District Judge. The bankrupt's property passed to the trustee as it stood on January 13, 1911, under the adjudication made January 30, 1911, upon the involuntary petition in this case, filed January 13th. The Atterbury motor truck here in question was on January 13th at a garage owned or controlled by the Dodge Motor Vehicle Company in Boston, and was under attachment as the bankrupt's property in a suit brought against it by the Dodge Motor Vehicle Company for storage charges and supplies; the motor truck having been prior to said attachment used by the bankrupt in its business and kept by it at the garage referred to.

A receiver appointed by the court on January 13, 1911, filed a petition January 31, 1911, setting forth that Walter G. Robbins, the present petitioner for review, had made claim to the motor truck, had notified the Dodge Company that it belonged to him, and was proposing, after settling the pending suit brought by that company, to remove the motor truck as his own property. A restraining order was prayed for and issued. On March 10th, while it was in force, Robbins filed the petition which has been dismissed, asking for the release of the truck to him. The hearing, before the referee and here, has been upon a statement of facts agreed by the parties and to be referred to in connection herewith. I find the facts as set forth in said statement.

The petitioner for review at an interview on December 5, 1910, in Buffalo, New York, between him and his son Frederick R. Robbins, then representing the bankrupt as its treasurer and manager, paid $2,000 in cash for the truck, and received a bill of sale of it duly executed and delivered. The bankrupt received and used the money paid, and no one disputes that the sale, as between the bankrupt and the petitioner, was effectual to pass title to the petitioner.

The truck, however, was then in Boston, the bankrupt was using it and keeping it at the Dodge Company's garage as above stated. It bore the bankrupt's name painted on it in large letters. The petitioner allowed it to remain thus in the bankrupt's possession and use. In the bill of sale which he held, the bankrupt agreed to deliver the truck to him wherever in the city of Boston he might direct within

10 days from December 5, 1910. He gave no such direction within the 10 days. He took no step whatever before the bankruptcy with regard to the truck, except to send a letter received by Frederick R. Robbins January 3, 1911, in which he ordered the car stored in his name and made ready for shipment to him in Chicago. But no attempt to follow these instructions was made by any one until after the car had been attached and the bankruptcy petition filed. On January 26th, while adjudication on the petition was pending, notice on his behalf was for the first time given to the Dodge Company. That company was then informed that he had purchased the truck December 5, 1910, and would be responsible for all charges upon it, and was then directed to store the truck in his name. This direction was followed by the Dodge Company. But the restraining order above mentioned has prevented any further change in the situation of the respective parties concerned as regards their rights in the truck.

Had there been no bankruptcy, the petitioner would be entitled to the truck upon release of the Dodge Company's attachment. The Waite-Robbins Company, which had sold the truck to him, could not have disputed his right to it.

[1, 2] But, as against the trustee in bankruptcy, the first question is, Was the truck prior to January 13, 1910, property which the bankrupt "could by any means have transferred or which might have been levied upon and sold under judicial process" against it? Bankr. Act, § 70a(5). This is a question to be determined according to the law of Massachusetts within which state the property was, as if all the transactions with the petitioner regarding it had taken place in Massachusetts. Hallgarten v. Oldham, 135 Mass. 1, 7, 46 Am. Rep. 433. And the law of Massachusetts requires delivery in order to make a purchaser's title good against subsequent purchasers without notice or attaching creditors. Dempsey v. Gardner, 127 Mass. 381, 34 Am. Rep. 389.

No actual delivery is claimed to have been made. Symbolical delivery may answer the requirement, but the agreed facts show nothing which can be regarded as delivery of that kind. Delivery of the bill of sale was not enough. Dempsey v. Gardner, supra. The bankrupt did not agree to hold or keep the truck for the petitioner. It agreed only that it would make the delivery which remained to be made, upon his order given within a time which expired before the bankruptcy. So far as the Dodge Company is to be regarded as the seller's bailee, nothing having any tendency to make it the purchaser's bailee instead is shown to have happened until after the bankruptcy.

It was argued that the purchaser is to be allowed a reasonable time after the sale in which to take possession. If, under any circumstances, it could be said that a purchaser voluntarily accepting a title incomplete for want of delivery has not taken all the risk due to the incomplete state of his title while that state continues, there are no such circumstances in this case. Thirty-eight days intervened between the sale and the bankruptcy, during which the petitioner was no further from Boston than Chicago.

192 F.—4

It cannot be said in this case that the trustee has no greater rights than the bankrupt had. It is true that the petitioner's claim to the truck is not void as against every one excepting the bankrupt. It is void against attaching creditors or subsequent purchasers without notice only. It is true, also, that no creditor could have avoided the transfer to the petitioner on the ground of fraud. He paid full value for the truck. But at the time of the bankruptcy an attaching creditor had "fastened upon the property" and acquired a valid specific lien. This lien the bankruptcy would in any case have dissolved, but for the benefit of creditors in the bankruptcy proceedings, not for the petitioner's benefit. By releasing its attachment after the petition was filed, the Dodge Company could not benefit the petitioner at the creditors' expense. Moreover, this trustee has the rights given by the amendments to the bankruptcy act of June, 1910, and, under the amendment to section 47, had as to this property, if it is not to be regarded as in the custody of the court, "all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied." Regarding this petition as strictly a petition to reclaim, it would seem that the custody of the court is admitted, and in that case the trustee had, under the amendment referred to, "all the rights, remedies, and powers of a creditor holding a lien." In either case I must regard him as entitled to hold the truck against the petitioner.

The referee's order dismissing the petition is therefore approved and affirmed.