ARNOLD L. CARROLL *vs.* EMMETT F. HASKINS.

Franklin. September 17, 1912. — October 15, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DeCOURCY, JJ.

*Sale,* Delivery.

In pursuance of an agreement that a debt should be paid in hay at a certain price per ton, the parties went to a barn where two "bents" separated only by a post contained six or seven tons of hay, of which the creditor agreed to buy four and a half tons. The hay in one of the bents was measured and was found to fall short of that amount by somewhat less than a ton. The owner refused to sell the hay in the other bent but agreed that the buyer could take from it enough to make up the amount sold. He gave a bill of sale for four and a half tons of hay in his barn to be removed by the buyer at any time. Before removal by the buyer the hay was attached as the property of the seller. In an action by the buyer against the attaching officer for an alleged conversion, it was *held*, that it could be found that there had been a constructive delivery of the part of the hay which had been identified by measurement although it had not been separated physically from the hay in the adjoining bent and that the title to such part had passed to the plaintiff.

TORT against a deputy sheriff for the alleged conversion of certain hay attached by the defendant as the alleged property of one LaPierre. Writ in the District Court of Franklin dated March 29, 1909.

On appeal to the Superior Court the case was tried before

*Fessenden*, J. It appeared from the evidence that the plaintiff had worked for LaPierre on his farm, and that it was agreed between them that the plaintiff should be paid for his work in hay at $10 a ton, that on December 26, 1908, the plaintiff went with his father to the barn of LaPierre where a bargain was made for the sale to the plaintiff of four and a half tons of hay from about six or seven tons contained in two "bents," that the plaintiff's father and LaPierre measured the hay in the northeast bent and found it to be short of four and a half tons by somewhat less than a ton, that LaPierre said that he would not sell the other hay but that the plaintiff might take enough out of the next bent to make up the required amount, that LaPierre gave to the plaintiff a bill of sale for "four and one half ton of hay in my barn said hay to be removed by said Carroll at any time," and that later when the plaintiff went for the hay it had been attached by the defendant.

The father of the plaintiff on his cross-examination testified as follows: "Q. What separated the bents? A. A post. Q. So that the hay in this bent was interlaced with the hay in the next bent? A. Yes; it lies right from one post to the other. Q. In order to get it out it would have to be cut down with a knife? A. Yes, cut it down." The plaintiff on his cross-examination testified as follows: "Q. You did not in fact take the hay from the other bent? A. No, sir. Q. You did not cut the hay between the two bents? A. I never touched the hay at all, did n't get a chance to."

It was agreed that on February 3, 1909, the defendant attached the hay on a writ against LaPierre. At the close of the plaintiff's evidence the defendant asked the judge to rule, that as a matter of law on all the evidence the jury would not be justified in finding any delivery of the hay or any portion thereof. The judge refused to make this ruling, and instructed the jury "that they could not find for the plaintiff for the hay which was not in the northeast bent but must be restricted to the hay in that bent if they found a delivery thereof to the plaintiff."

The jury found for the plaintiff in the sum of $38.02; and the defendant alleged exceptions.

*W. A. Davenport*, for the defendant.

*F. J. Lawler*, for the plaintiff.

BRALEY, J. While as between the parties to the sale the title

passed to the plaintiff if the jury believed the evidence, yet the defendant, who as a deputy sheriff subsequently attached the property on a writ against the seller, is not liable for conversion unless there also was proof of actual or constructive delivery. *Marsh* v. *Hyde*, 3 Gray, 331, 333. *Packard* v. *Wood*, 4 Gray, 307: *Harlow* v. *Hall*, 132 Mass. 232. *Clark* v. *Williams*, 190 Mass. 219.

The evidence showed a bargain for the purchase in satisfaction of a debt due from the seller to the buyer of four and one half tons of hay, stored in two "bents" distinguished from each other by a post, and containing some six or seven tons. Upon the day following the agreement the parties went to the barn where in their presence the "bent" in the northeast corner was measured, and, the contents having lacked less than a ton of the amount purchased, the seller, although he declined to sell the hay in the adjoining "bent," agreed, that the plaintiff could take therefrom enough to supply the deficiency, and gave a bill of parcels for the full quantity. It is not contended that the sale was made to defraud creditors, even if the plaintiff was given permission to remove the hay at his own convenience, and from the language and conduct of the parties the jury could find, that the seller for a valuable consideration, and in good faith, actually intended to part with possession, and the plaintiff intended to accept the transfer. *Riddle* v. *Varnum*, 20 Pick. 280. *Foster* v. *Ropes*, 111 Mass. 10. By the act of measurement the line of demarcation could be ascertained, and the subject of the controversy could have been identified, even if not physically separated from the other hay, as having been covered by the contract of sale. The bulky nature of the property having precluded manual possession unless the plaintiff had immediately taken the hay away, constructive delivery under the circumstances was sufficient, and the transaction resulted in the sale of specific goods where nothing further remained to be done. Nor is it material that the quantity measured was less than the amount bargained for. The attaching creditor in the absence of fraud obtained no greater rights than those possessed by his debtor. It follows that under appropriate instructions, which were given, the jury could further find that as to subsequent purchasers for value and without notice the property had vested in the plaintiff. *Jewett* v. *Warren*, 12 Mass. 300. *Arnold* v. *Delano*, 4 Cush. 33, 40. *Stinson* v.

*Clark,* 6 Allen, 340. *Ingalls* v. *Herrick,* 108 Mass. 351. *Hobbs* v. *Carr,* 127 Mass. 532. *Whittle* v. *Phelps,* 181 Mass. 317. *Parry* v. *Libbey,* 166 Mass. 112. *Wesoloski* v. *Wysoski,* 186 Mass. 495. *Garvan* v. *New York Central & Hudson River Railroad,* 210 Mass. 275, 280. See St. 1908, c. 237, § 18. The defendant's request was rightly denied, and the exceptions must be overruled.

*So ordered.*