*Municipal Court of the City of Boston*

No. 351406

**LAURENCE B. J. DOWD, P.P.A.**

v.

**MALONEY MOTORS, INC.**

(January 7, 1955)

*Fox, J.* The plaintiff brings this action to recover damages sustained by him as a result of an alleged conversion of his 1937 Studebaker and other personal effects by the defendant corporation.

All the material facts reported by the trial judge may be summarized as follows:—

The plaintiff, a minor, was driving his automobile in December, 1951. When he reached a spot in front of the defendant's garage, his car "conked" out.

Two of the defendant's employees rolled the car to the gasoline pump and filled it with gasoline, but the car would still not run. The mechanic employed by the defendant told the plaintiff that the "clutch" was gone. After the car was rolled down a ramp to the defendant's garage, the plaintiff told the mechanic not to do any work on it, if it would cost more than $20.00. The plaintiff gave the mechanic his telephone number and asked him to call if the repairs should cost more than $20.00.

The plaintiff did not hear from the defendant. At five o'clock in the afternoon on the same day, he returned to the garage and was told that the car had been repaired. He was presented with a bill for $68.07, which he refused to pay, but tendered the cost of the gasoline and $20.00 to the cashier at the Cashier's Desk and then to the Credit Manager, and demanded his car and his personal belongings in the car. The defendant refused to surrender the car and the plaintiff's personal belongings.

The plaintiff testified that his personal belongings were worth $135.00 and the fair value of his car was $175.00.

The court found for the plaintiff in the total sum of $165.00, and the defendant, having been aggrieved by that finding, brings this appeal.

The finding of the court clearly indicates:—

(1) That the plaintiff did not authorize the defendant to make any repairs if the cost of such services were to exceed $20.00.

(2) That the plaintiff tendered $20.00, plus the cost of the gasoline, and the defendant refused to accept it.

(3) That the plaintiff made a demand upon the defendant to surrender his automobile and his personal belongings therein and the defendant refused to make such surrender.

The findings of fact by the trial justice will not be disturbed unless clearly wrong. There can be no

appeal from the findings of a judge. *Vitelli v. Ryder*, 329 Mass. 119. It cannot be said, as a matter of law, that the trial judge erred in his findings and rulings as set forth in his report.

The tender of $20.00 by the plaintiff to the defendant operated as a discharge of any lien that the defendant might have had upon the automobile of the plaintiff. *Carroll v. Haskins*, 212 Mass. 593; *Robinson v. Bird*, 158 Mass. 357. In any event a demand by the defendant exceeding the amount for which it rightfully had a lien, as a condition of surrendering possession of the automobile, dispensed with the tender of the amount actually due. *Hamilton v. McLaughlin*, 145 Mass. 20.

In an action for conversion, the plaintiff must have a present legal right to immediate possession of the thing converted. *Lane v. Volunteer Cooperative Bank*, 307 Mass. 508. Good faith is immaterial. *Row v. Home Sav. Bank*, 306 Mass. 522, 525.

The discharge of the defendant's lien entitled the plaintiff to immediate possession of his property. *Carroll v. Haskins*, 212 Mass. 593; *Robinson v. Bird*, 158 Mass. 357.

Defendant's refusal to surrender to the plaintiff the automobile and personal belongings after the demand for their return constituted conversion. *Spooner v. Manchester*, 133 Mass. 270.

There being no prejudicial error, the order is

*Report dismissed.*

James J. Twohig, Jr., for the plaintiff.

Edward J. Ziegler, Richard L. Wilder, for the defendant.