## JOHN M. PHILLIPS vs. PARDON CORNELL.

Bristol.   Oct. 26. — Nov. 29, 1882.   LORD, C. ALLEN & COLBURN, JJ.,
absent.

If damages for delay in the performance of a contract in the nature of demurrage
are allowed to the plaintiff by an auditor, in a certain sum, and a comparison
of his report with a verdict rendered by a jury for the plaintiff shows that this
sum formed no part of the verdict, no question thereon is open to the defendant
upon the argument of exceptions in this court.

In an action for breach of a contract, the plaintiff offered evidence to show that
the contract was to deliver a cargo of ice for unloading at a certain wharf, upon
the condition that the depth of the water there was not less than a certain num-
ber of feet; and the defendant offered evidence to show that the contract was
to deliver the cargo at the wharf, without any condition as to the depth of the
water.   The defendant asked the judge to instruct the jury, "that if the plain-
tiff sold the cargo of ice to be delivered on the wharf in question to the defend-
ant, it was the plaintiff's duty to land the cargo there before he could recover;"
and that "if such was the fact, the making of a new contract, the burden is on
the plaintiff; he must satisfy the jury of a new contract."   These instructions
were refused.   Held, that the defendant had no ground of exception.

An auditor's report is prima facie evidence of the facts found by it, and, if not met
or controlled by the party against whom they are found, will authorize the jury
in finding those facts as found by the report.

In an action for breach of a contract to pay for a cargo of ice, the plaintiff con-
tended that the contract was to deliver the cargo at a certain wharf, if a certain
depth of water could be found there.   Held, that he might introduce the testi-
mony of a pilot, who endeavored, under the plaintiff's orders, to tow the vessel
containing the ice to the wharf, that such depth of water was not to be found
there.

CONTRACT to recover the value of a cargo of ice, and demur-
rage for delay in receiving it.   The case was sent to an auditor,
who found that the defendant had paid for the ice all that was
due, except the sum of $99.84, which sum he found to be due,
together with $192, as demurrage.   At the trial in the Superior
Court, before Brigham, C. J., the jury returned a verdict for the
plaintiff in the sum of $109; and the defendant alleged excep-
tions, which appear in the opinion.

E. L. Barney, for the defendant.

C. W. Clifford & W. Clifford, for the plaintiff.

DEVENS, J.   Without following the somewhat numerous ex-
ceptions of the defendant in the order in which he has presented
them, we proceed to discuss those upon which he has relied in
argument.

1. It is not necessary to determine whether demurrage, or damages for delay in the performance of his contract, in the nature of demurrage, as that term is used in admiralty, could properly have been recovered in this action against the defendant. Such damages were allowed to the plaintiff by the report of the auditor, in the sum of $192. A comparison of this report with the verdict rendered by the jury shows that this sum formed no part of the verdict. No damages appearing to have been allowed by the jury, all questions in relation to this subject, so far as the defendant is concerned, become immaterial.

2. The defendant complains that the fourth and fifth instructions requested by him were not given. These are connected, and should be considered together. The fourth instruction requested was that the judge should instruct the jury, "that if the plaintiff sold the cargo of ice to be delivered on Hastings Wharf to the defendant, it was the plaintiff's duty to land the cargo there before he could recover." This instruction the defendant deems to have been called for by the facts in the case as they then appeared, and that the jury might well have been misled for the want of it. An examination of the evidence offered, and the claims made on behalf of the plaintiff and the defendant respectively, show that neither party asserted a contract to deliver ice on Hastings Wharf. Each contended that the contract was one to deliver ice at Hastings Wharf, the plaintiff contending and offering evidence to show that the contract was one to deliver the cargo of ice for unloading at Hastings Wharf, upon the condition that the depth of water there was not less than thirteen feet; the defendant contending and offering evidence to show that the contract was to deliver the cargo at Hastings Wharf, without any condition as to the depth of the water. An instruction as to what would be the duty of the plaintiff upon a supposed contract, such as neither party claimed to exist, could not but be confusing to a jury, and should not have been given.

The fifth instruction requested was as follows: "If such was the fact, the making of a new contract, the burden is on the plaintiff; he must satisfy the jury of a new contract." This is somewhat involved; but by the words "if such was the fact," it assumes as its basis the case supposed by the fourth instruction,

which was not supported by evidence, nor in accordance with the theory of either party. It was therefore properly refused. If all that the defendant desired was an instruction that, if any contract was once proved, any new contract or modification of it must be proved by the plaintiff, if he relied upon such new or modified contract, the defendant did not so express himself. We see no reason to doubt that the judge properly placed the burden of proof upon the plaintiff, because he declined to give an instruction a part and the basis of which was an error.

3. The instruction requested by the defendant, "that the auditor's report is only *prima facie* evidence, and that the burden is still on the plaintiff to support his case by evidence," if given in the form requested, would have led to the inference that the plaintiff was to support his case by evidence other than the auditor's report, even when that was in no way controverted. This is certainly not the case. The auditor's report does not change the burden of proof, technically speaking, which is on a party, to establish a fact essential to the maintenance of his case. But, while the burden of proof is not shifted by the auditor's report, yet, as it makes out a *prima facie* case, it is incumbent on the other party to meet and control it, or it will be conclusive against him. *Morgan* v. *Morse*, 13 Gray, 150. *Holmes* v. *Hunt*, 122 Mass. 505. Pub. Sts. c. 159, § 51. This was in substance the ruling of the presiding judge, who, having stated that the auditor's report was *prima facie* evidence of the facts found by it, added that it "discharged the burden of proof upon either party as to such facts, if there was no other evidence relating to them, and authorized the jury to find these facts as the report found them." This was not to say that the burden of proof was shifted by the auditor's report, but that it was thereby met, unless other evidence appeared.

4. The testimony of Church, the master of the steam tug, who was also a pilot, and who endeavored to tow the schooner into Hastings Wharf, was competent. As upon his own theory of the contract, the plaintiff was bound to have landed his cargo at Hastings Wharf, if a certain depth of water could be found there, he was entitled to show that an honest attempt was made to reach it under his own orders; that, for this purpose, the vessel

was placed under the immediate direction and control of a competent pilot; and that the depth of water which the defendant authorized him to expect was not to be found there.

*Exceptions overruled.*