GERALD WYMAN vs. THOMAS A. WHICHER & another.

Suffolk.   March 20, 1901. — June 17, 1901.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, BARKER,
HAMMOND, & LORING, JJ.

*Evidence*, Presumptions and Burden of Proof.   *Auditor's Report.   Practice, Civil*,
Rulings and Instructions.

An auditor's report without changing the burden of proof makes it incumbent upon
the other party to go forward with evidence to rebut and control it, but, after
evidence has been put in on both sides upon the matters dealt with by the audi-
tor, it would be error to instruct a jury, that there was a presumption of fact
that the auditor's report was right.   In such a case it is for the jury to consider
the evidence anew and to settle for themselves how far they should be influenced
by the report.

A request for a ruling not incorrect in law but put in such a form as to amount
to an argument, and otherwise unnecessary, properly may be refused for that
reason.

CONTRACT to recover compensation for professional services
as an expert accountant, for six hundred and thirty-four hours
at $5 an hour, $3,170 and for expenses $61.84.   Writ dated
June 16, 1894.

At the trial in the Superior Court, before *Bond*, J., the plain-
tiff put in the report of Charles E. Grinnell, Esquire, auditor in
the case, in which he found due to the plaintiff the sum of
$1,731.84 with interest from the date of the writ.   In addition
to the auditor's report oral testimony was introduced on both
sides.   The defendants presented requests for instructions which
were refused by the judge.

The jury returned a verdict for the plaintiff in the sum of
$1,825.17 ; and the defendants alleged exceptions, which are
stated in the opinion of the court.

The case was argued at the bar in March, 1901, and after-
wards was submitted on briefs to all the justices.

*E. F. McClennen*, for the defendants.

*C. B. Southard*, (*T. Parker* with him,) for the plaintiff.

HOLMES, C. J.   This is an action for services as an expert
accountant.   At the trial the plaintiff put in an auditor's report
in his favor.   The defendant Whicher then testified that there

was no agreement as to the rate of charge and that the work done was useless. The plaintiff in reply testified that he told Whicher that he charged five dollars an hour and expenses, the fair implication of his testimony being that that was, and was understood to be, his regular price. The plaintiff also explained the services rendered and their value. He had a verdict, and the case is here on exceptions.

The most important exception is to the mode in which the judge dealt with the auditor's report. There is no doubt that some passages of the charge would give a wrong notion of the law. After stating that in the absence of other evidence the auditor's report would determine the rights of the parties, the judge went on that therefore the plaintiff put in the auditor's report and rested, "and the defendants undertook the burden of showing you that the auditor's report is wrong." And later, again : "The defendants have to satisfy you that the auditor's report is wrong. Starting with the position that the auditor's report is the guide in coming to a conclusion upon that matter, is your opinion changed by the fact that testimony has been introduced by the defendants and the plaintiff?" Taken by themselves the first passage suggests that the auditor's report shifts the burden of proof, and the second that the auditor's finding for one party raises a presumption of fact in favor of that side even when the only evidence is that of the plaintiff and the defendant, and when their testimony has been heard afresh by the jury.

It is settled, of course, that an auditor's report merely puts on the other party the burden of going forward with evidence to rebut and control it, but does not change the burden of proof. *Morgan* v. *Morse*, 13 Gray, 150. *Holmes* v. *Hunt*, 122 Mass. 505, 514. *Phillips* v. *Cornell*, 133 Mass. 546, 548. We assume further that after evidence has been put in on both sides a jury could not be instructed without error that there was a presumption of fact that the auditor's report was right. It would be for the jury to say what weight they would give to the report. Especially in a case like this, where the auditor's report was merely his judgment on evidence which the jury had heard, they could not be told to attribute any degree of weight to his finding rather than to consider the evidence anew, settling for them-

selves how far they should be influenced by the report.  But we think that the judge was perfectly aware of the law, and that although he used expressions which, taken by themselves, might mislead, he laid down the correct rule in such terms that it may be supposed to have been understood.

The judge stated to the jury that the rule is that "the auditor's report does not change the burden of proof, technically speaking, which is on a party to establish by evidence essential to the maintenance of his case; but while the burden of proof is not shifted by the auditor's report, yet, as it makes out a *prima facie* case, it is incumbent on the other party to meet and control it, or it will be conclusive against him."  This was sufficiently clear with regard to the burden of proof, and we are of opinion that the jury were instructed rightly upon that point. With more hesitation we have come to the conclusion that the charge may be sustained upon the other point also, as signifying not that there was a presumption of fact in favor of the auditor's report when the whole case had been set at large by evidence, but only that it was for the jury to consider whether the whole matter had been set at large, so that the plaintiff no longer could rest upon his *prima facie* case.  No doubt there was some emphasizing and holding up of the auditor's report to the jury in a conspicuous light, perhaps because the judge thought that it came to a right conclusion, but we are not prepared to say that the charge laid down or implied a wrong rule of law so distinctly that an exception should be sustained.  The phraseology employed doubtless was suggested by the terms of the language in *Morgan* v. *Morse*, 13 Gray, 150, 152, 153, and in *Phillips* v. *Cornell*, 133 Mass. 546, 548, and, although it was dangerous and objectionable, finds considerable excuse in the earlier cases.

The defendants excepted to the refusal to give the following ruling: "Unless you find that the plaintiff and defendants arranged for a particular price for the plaintiff's services, the plaintiff became entitled to only such sum as his services were reasonably worth, and in determining this you may consider the results accomplished and the work required to accomplish it, not merely the time which he expended."  This sounds plausible, but really was an argument, no doubt urged sufficiently to the jury, for a particular mode of estimating the sum to be recov-

ered. The jury were told that the time employed was not con-
clusive, and the judge, by admitting testimony that the service
rendered turned out valueless, allowed the jury to consider the
results accomplished. But he seems to have thought, and no
doubt rightly, that it was not necessary to single out that ele-
ment for the jury's attention, and that, seeing that the plaintiff
was not employed for a definite or specified task but rather to
work upon books under the defendant's eye, it was more impor-
tant, if there was no agreement, to consider the going rate for
that kind of work when furnished by accountants of the plain-
tiff's standing.

The defendants further excepted to the refusal to give the
following ruling : " In estimating the value of the plaintiff's ser-
vices the jury are not bound by his testimony, even though it
is not contradicted or controlled by the evidence. Upon such
questions the jury are to be guided by their own skill and
knowledge as well as by the testimony which is given by wit-
nesses at the trial." This request again was rather an attempt
to get in a last word of argument than a request for a needed
instruction. The tenor of the charge from beginning to end
left it free to the jury to use their own judgment in deciding
what was a proper charge. In a case where the plaintiff and
principal defendant contradicted each other, and where the
argument must have dealt with the contradiction, it cannot be
supposed that the jury needed to be told that the testimony of
an interested party did not necessarily bind them to follow it.

The last exception argued is to an instruction that the plain-
tiff, if entitled to recover, was entitled to recover interest from
the time he made a demand. It is objected that there was no
evidence of any demand until just before suit except a request
for payment not informing the defendants of the amount of the
bill; and that the instruction allowed a recovery after this de-
mand contrary to *Goff* v. *Rehoboth*, 2 Cush. 475. Compare *Ford*
v. *Tirrell*, 9 Gray, 401 ; *Mercer* v. *Vose*, 67 N. Y. 56. But the
judge pointedly told the jury that if there was no formal de-
mand before the suit, or if they were unable to determine the
time of it, they were to compute interest only from the date of
the writ. He referred to letters in evidence but not before us
to show at what time, if ever, the demand was made. If we are

to assume that the letters did not show a demand we also must assume that the jury perceived the fact on looking at them. We do not see how we can take the ruling as implying anything one way or the other as to what kind of demand would be sufficient or as referring to the above-mentioned general request for payment. If the judge was mistaken in assuming that there might be a demand or evidence of a demand in the letters, no exception was taken to that error, if an exception would lie for referring the investigation of the letters to the jury instead of making it himself.

*Exceptions overruled.*