MICHAEL McLAUGHLIN vs. RUTH L. SAYLE & others.

Suffolk.   November 22, 1905. — March 2, 1906.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Mechanic's Lien.*

On a petition to establish a mechanic's lien for work and labor performed and fur-
nished in the erection of a building under a contract with the contractor who
built it, if it appears that the petitioner failed to perform his contract, that the
contractor suffered loss from this cause and that the work furnished by the
petitioner was of no value to the contractor, a jury is not justified in finding for
the petitioner.

PETITION, filed in the Municipal Court of the City of Boston
for the District of Roxbury on July 17, 1900, and amended on
July 31, 1900, to establish a mechanic's lien for work and labor
performed and furnished by the petitioner under a contract with
the respondents John C. Walsh and D. Cronan, doing business
under the name of J. C. Walsh and Company, in the erection
of two dwelling houses on the land of the respondent Sayle
on Homestead Street in Boston designated as House A. and
House B.

On appeal to the Superior Court the case was referred to an
auditor.   Later the case was tried before *Wait*, J. upon the
auditor's report and oral testimony as stated in the opinion.

At the close of the evidence the judge ordered a verdict for
the respondents, and by agreement of the parties reported the
case for determination by this court with the stipulation that, if
the jury would be justified in finding for the petitioner, judg-
ment should be entered establishing the lien for $550.98 and
interest; otherwise, judgment should be entered upon the
verdict.

*J. H. Hinckley*, for the petitioner.

*James J. McCarthy*, for the respondents.

HAMMOND, J.   After a very full hearing before the auditor,
which " took a long time " and in which all the testimony was
gone into, the auditor reported among other things as follows :

" When the plaintiff ceased to furnish labor on June 21st he
had about one third of the work performed that was called for

by his contract. I find, however, that the work was not performed in a skilful and workmanlike manner, nor in accordance with the plans and specifications. The sill laid on the top of the brick wall of house A. was not laid at equal distance from the outside face of the brick wall as required by the plans. Many of the partitions were crooked, bulging in places, and out of plumb; two of the partitions which were required to be straight by the plans had a jog of one or two inches; on account of the imperfect placing of partitions some rooms and halls were not square. The studding in many of the partitions was insufficient and some of the studs were too short to furnish any support for the floors above them, and many of the floors sagged some two inches and were not level. The floor joists were not properly bridged and in consequence of this the brick arches of some of the fireplaces were insufficiently supported and settled or fell; the work also was defective in other respects, and was not done to the satisfaction of the architect.

" I find that these defects and imperfections constituted a breach of the plaintiff's contract, and justified J. C. Walsh & Co. in preventing him from continuing the work after June 21st. After that date J. C. Walsh & Company completed the work comprised in the plaintiff's contract with their own men, some of the work done by the plaintiff had to be taken out and rebuilt, the rest of it was straightened and remedied in the most economical way available.

" For remedying the defects in the plaintiff's work and completing the work which the plaintiff had contracted to do for $1,875, J. C. Walsh & Co. paid out . . . . . . . $2,097
" They also paid to the plaintiff, as stated in the plaintiff's account . . . . . . . . . . . . . . . 325
　　　　　Total . . . . . . . . . . . . . . . $2,422,
so that J. C. Walsh & Co. have lost $547, besides their profit by reason of the plaintiff's failure to perform his contract. I find that the work furnished by the plaintiff was of no value to J. C. Walsh & Co., that he owes them nothing therefore and that the plaintiff has no lien on the property of the respondent."

At the trial before the jury the petitioner introduced in opposition to the report the evidence of himself and his foreman, but we think that their testimony, while in some respects incon-

sistent with the statements contained in the report, came far short of meeting it, and that on the whole the evidence was insufficient to warrant a verdict for the petitioner. See *Wyman* v. *Whicher,* 179 Mass. 276, and cases there cited.

*Judgment on the verdict.*