INHABITANTS OF WAKEFIELD *vs.* AMERICAN SURETY COMPANY OF NEW YORK.

Suffolk.    November 10, 1910. — May 19, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Auditor's report.  *Municipal Corporations.  Assignment.  Waiver. Contract,* Novation.  *Surety.  Referee.*

Where an auditor to whom a case has been referred makes a finding in favor of one of the parties without reporting the evidence, and at the trial there is no evidence other than the auditor's report, the presiding judge must order a verdict in accordance with the auditor's report, which is made *prima facie* evidence by statute and stands uncontrolled.  The same result is reached, where, in addition to the auditor's report, oral evidence is introduced at the trial, but such evidence does not tend to contradict the findings of the auditor.

In an action by a town against the surety on the bond of a contractor, an auditor to whom the case was referred found that the contractor abandoned the work to be done under his contract with the plaintiff and executed an instrument purporting to assign his contract to a certain corporation, that the contract with the plaintiff provided that it should not be assigned except with the previous consent of the plaintiff's board of sewer commissioners to be ' signified by indorsement on the contract, and that no previous assent to the instrument of assignment was given by indorsement upon the contract or in any manner.  The auditor made a general finding for the plaintiff.  At the trial of the case, in addition to the auditor's report, there was oral evidence.  Several witnesses testified that, after the assignment, the original contractor had nothing to do with the work and that it was prosecuted wholly by the corporation, which purported to be the assignee, with the knowledge and without objection from the plaintiff's board of sewer commissioners, until at the end of six months the work was stopped

by a notice from the plaintiff that it was not being·prosecuted as required and that it would be completed by the plaintiff as provided in the contract. It was shown that there was considerable correspondence between the attorney for the plaintiff and the defendant, as surety on the original contractor's bond, in which the attorney repeatedly asserted that the plaintiff would not assent to the assignment, except upon certain conditions which never were complied with, and that the checks of the plaintiff in payment for the work done by the assignee all were made to the order of the original contractor and not to the assignee. There was no evidence of any express assent. The presiding judge ordered a verdict for the plaintiff. *Held*, that the knowledge by the plaintiff's officers of the assignment and of the work done by the assignee, under the circumstances shown and in view of the correspondence refusing such assent, was not evidence *of the plaintiff's assent to the assignment of the contract, or of a waiver of the* clause in the contract requiring such assent, or of a novation accepting the substitution of the assignee for the original contractor ; that, therefore, there being no evidence to control or contradict the finding of the auditor, it was the duty of the judge to order a verdict for the plaintiff.

There is no obligation on the part of a town toward the surety upon a bond which was given by a contractor to ensure the faithful performance of his contract with the town, to keep the surety advised as to the condition of the work under the contract. The surety must protect his own interest by seeing that his principal performs the duty of which the surety has guaranteed the performance.

At the trial of an action by a town against the surety on a bond, which was given to the town by a contractor, the defendant contended that a payment made by the plaintiff to the contractor before his default was in advance of what was due to him under the contract, and that thereby the security of the surety was diminished. It appeared that the payment in question was made upon an approximate estimate by the plaintiff's chief engineer of the value of the work done at the time and that the engineer in making the approximate estimate, which he was required to make by the terms of the contract, certified in good faith to more work having been done than actually had been completed at the time, but that afterwards this was adjusted by deductions from subsequent estimates, so that the plaintiff in the end received full value for all payments made by it. An auditor found that there was no such payment in advance as was alleged by the defendant. *Held*, that the estimate of the engineer made under the contract in good faith was binding upon all the parties, and that the payment could not be considered as made in advance.

RUGG, J.    This is an action brought for the breach of three bonds, each executed by Minahan and Costa, partners, as principals, and the defendant as surety, to secure faithful performance by said partners of contracts between them and the plaintiff to construct portions of its sewer system.    The execution of the contracts and bonds was admitted.    The case was sent to an auditor,* who found that the work to be done under the contract was abandoned by said partners, and that thereby there was a breach of the condition of each of the bonds.    Each con-

---

* Samuel C. Bennett, Esquire.

tract provided that the co-partners " will not assign . . . any portion of the said work, unless by the previous consent of the board [of sewer commissioners of the plaintiff], to be signified by indorsement on this agreement." The auditor found that no previous assent to any assignment was so given, and that no assent was indorsed on the contracts or given in any manner, and that the contracts were in fact assigned by the partners to the Conway Contracting Company. He also found that there had been no advance payment made by the plaintiff to the partners, and found generally for the plaintiff. The case then was tried with a jury in the Superior Court.* In addition to the auditor's report testimony was introduced from several witnesses to the effect that after the assignment of the contract neither of the partners was upon the work or had anything to do with it, but that it was prosecuted to the knowledge of and without objection by the sewer commissioners wholly by the assignee claiming under the assignment. After the assignee had been at work about six months, the work was stopped by notice to the effect that it was not being prosecuted as required, and that it would be completed by the plaintiff as provided in the contract. The work was so completed at a cost greater than the contract price. At the close of the evidence in the Superior Court, the defendant having admitted that proper notices of discontinuance of the work by Minahan and Costa and of claim for excess cost over contract price were sent and no question being raised as to the amount of the damages, a verdict was directed for the plaintiff.†

Since it was admitted that proper notice of discontinuance of the contract was given, a decisive point is whether there was an assignment of the contract by the partners assented to by the plaintiff. Upon this issue the auditor, as above stated, made definite findings in favor of the plaintiff to the effect that there

---

* Before *Lawton*, J.

† There was one count on each of the three bonds. The judge ordered the jury to find on each count for the plaintiff in the penal sum of the bond. He ordered judgment to be entered for $33,000, which was the total amount of the penal sums of the three bonds. Afterwards the judgments were amended so as to bear interest from the date of the writ, which was March 24, 1903. The judge ordered that execution should issue for the sum of $39,149.80, with interest from the date of the order, which was December 3, 1908.

had been assignments which were never at any time assented to by the plaintiff. It is plain under the terms of the contract that an assignment without such assent constituted a breach of the contract. The auditor does not set out the facts or evidence upon which he based this finding. The effect of an auditor's report under such circumstances is stated in *Anderson* v. *Metropolitan Stock Exchange*, 191 Mass. 117, at 121, by the present Chief Justice as follows: " The auditor's report, finding generally for the plaintiff, and `finding specially these facts, is *prima facie* evidence which requires a verdict for the plaintiff, unless there is other evidence, either in the report or outside of it, to control the findings." In substance, the same proposition was laid down in *Phillips* v. *Cornell*, 133 Mass. 546, in these words: " While the burden of proof is not shifted by the auditor's report, yet, as it makes out a *prima facie* case, it is incumbent on the other party to meet and control it, or it will be conclusive against him." To the same effect is *Fisher* v. *Doe*, 204 Mass. 34, 40. The result of these decisions is that where the auditor makes a simple finding in favor of one party without reporting the testimony, and there is no other evidence, a verdict should be directed in accordance with his finding. The case does not stand as it does upon uncontradicted evidence of witnesses, for there the jury may disbelieve the testimony. The statute has clothed an auditor's report with a special evidential character, which, in the absence of controlling evidence either stated in the report or put in outside the report, must be accepted by court and jury as final. Where only one conclusion is possible as matter of law, a verdict must be directed.

The question presented is whether there was any evidence to control the auditor's finding to the effect that the contracts had been assigned by the original contractors, and that at no time had such assignments been assented to by the plaintiff. If this finding stands there was a breach of the contract. The plaintiff's officers knew of the assignments, and they permitted work to proceed by the assignee. But there was a considerable correspondence between the attorney for the plaintiff and the defendant, in which the former repeatedly asserted that the town would not assent to the assignments except upon conditions which never have been complied with. The checks of the town

in payment for work done all were made to the order of the original contractors, and none to the assignee. There was no evidence of any express assent. Disbelief of denials of facts which a party must prove is not the equivalent of affirmative testimony in support of those facts. *Lonergan* v. *Peck*, 136 Mass. 361. *Hyslop* v. *Boston & Maine Railroad*, 208 Mass. 362. Knowledge on the part of the officers of the plaintiff of the assignments and of the performance of the work by the assignee is all that remains. But this under the circumstances disclosed is not enough to show their assent to the assignment of the contracts, in the face of the correspondence refusing to assent. The highest effect which can be attributed to this fact is that, pending negotiations as to an assent to the assignments by the town, the assignee went on with the work. Whatever may have been the effect of the assignments as between the parties to them, they did not affect the rights of the plaintiff. *Pike* v. *Waltham*, 168 Mass. 581. *Fuller* v. *New York Fire Ins. Co.* 184 Mass. 12. For the same reasons there was no evidence of waiver of this clause of the contract, novation, or substitution of the assignee for the assignor. *Paris* v. *Hamburg-Bremen Fire Ins. Co.* 204 Mass. 90, 94. *Moore* v. *Duggan*, 179 Mass. 153, 158. *Stowell* v. *Gram*, 184 Mass. 562. *Illinois Car & Equipment Co.* v. *Linstroth Wagon Co.* 112 Fed. Rep. 737.

It becomes unnecessary to consider whether the auditor's finding as to abandonment was met in any way.

There was no obligation on the part of the plaintiff to keep the defendant as surety constantly advised as to the state of the work under the contract. The surety must protect his own interest to the extent of seeing that his principal performs the duty which he has guaranteed. *Watertown Fire Ins. Co.* v. *Simmons*, 131 Mass. 85. *Welch* v. *Walsh*, 177 Mass. 555.

The defendant contends that there was a payment made by the plaintiff to the original contractors in advance of any that was due under the contract, and that, its security being in some degree diminished thereby, it is discharged under the principle laid down in *Calvert* v. *London Dock Co.* 2 Keen, 638, and *Prairie State Bank* v. *United States*, 164 U. S. 227. The auditor found that there was no such advance, but reported some of the evidence upon this point. In addition to the auditor's re-

port there was testimony from one Morgan, upon whose certificate as chief engineer of the plaintiff the payment now claimed to be an advance payment was made. The contract provided that on or before the tenth day of each month the engineer should make an approximate estimate of the value of the work done, and that upon this payments should be made. In one such estimate was included an item for excavation, and also an item for lumber used as sheeting in trenches under a clause in the contract which required payment for " all lumber in trench, used for sheeting and shoring left in place by order of the engineer." The amount certified had not been so left in place and all the excavation had not been completed by the units required by the contract, although a very large amount of work had been done. In subsequent estimates, deductions were made for these payments, so that ultimately the town received the value for all payments. The contract provided that the engineer should be the " referee, in all cases, to decide upon the amount, quality, acceptableness and fitness of the several kinds of work and materials which are to be paid for under this contract, and upon all questions which may arise relative to the fulfilment of the contract . . . and his estimates and decision shall be final and conclusive." The auditor found that the contested estimate was given by the engineer in good faith, and the defendant did not contend that he was actuated by bad faith. Under these circumstances such estimates were binding upon all the parties, and it cannot be contended that the payments based on them were made in advance. *Handy* v. *Bliss,* 204 Mass. 513, 520, and cases cited. *Loftus* v. *Jorjorian,* 194 Mass. 165. There was no issue of fact open in this regard not concluded by the auditor's report.

Several questions of evidence are raised. They all become immaterial in view of the ground upon which the decision is based. But it does not appear that any error of law was committed in respect of them.

*Exceptions overruled.*

*J. P. Leahy, (F. T. Leahy* with him,) for the defendant.
*M. E. S. Clemons,* for the plaintiff.