WILLIAM H. KING *vs.* ALLIS FREEDMAN.

Hampden.   September 22, 1921. — October 11, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Evidence*, Auditor's report, Presumptions and burden of proof.   *Practice, Civil*, Auditor's report.

The report of an auditor, finding for the plaintiff in an action at law, under G. L. c. 221, § 56, is *prima facie* evidence for the plaintiff at a subsequent trial of the action, and the plaintiff is entitled to a finding in accordance with its

terms unless upon the facts found therein, both primary and subsidiary, the report is reasonably susceptible of more than one inference, or unless at the trial the auditor's report is met or controlled by other evidence justifying a conclusion different from that contained therein.

An action of contract upon an account annexed was referred to an auditor, who found for the plaintiff, his report specifying the amount due by reference to items in the declaration but containing no statement of the facts upon which the findings of indebtedness were made. At a hearing of the action by a judge without a jury, the plaintiff offered the report and rested. Oral evidence then was introduced by the defendant, and in rebuttal by the plaintiff. The plaintiff and his bookkeeper testified. It appeared that, previous to the bringing of the action, the parties had referred their controversy to an arbitrator, and that, upon the announcement of his decision, which was in favor of the defendant, the plaintiff and the defendant had signed an agreement that the plaintiff was indebted to the defendant in a certain amount and, later, a compromise settlement in that amount was made. At the trial in the Superior Court there was evidence tending to show that the hearing before the arbitrator was exhaustive, the plaintiff and his bookkeeper producing then all his books and memoranda. The judge ruled that the proceedings before the arbitrator and the agreement signed by the parties to effectuate his decision did not constitute a bar to the action nor estop the plaintiff from showing how his account with the defendant actually stood; and found for the defendant. *Held,* that

(1) The judge in the circumstances was not bound to adopt the findings of the auditor;

(2) The judge might discredit the testimony of the plaintiff and was warranted in finding that he had admitted that the defendant was not indebted to him;

(3) It could not be ruled as a matter of law that the finding was wrong.

CONTRACT, with a declaration as amended upon an account annexed alleging a balance due to the plaintiff of $2,626.50. Writ dated October 4, 1915.

In the Superior 'Court, the action was referred to an auditor, and, upon the filing of his report, was heard by *King,* J., without a jury. Material findings of the auditor and other evidence at the hearing by the judge are described in the opinion.

At the close of the evidence, the plaintiff asked for the following rulings:

"1. Upon the evidence in this case the plaintiff is entitled to recover the sum of $1,766.33 and interest thereon from the date of the writ.

"2. That the proceedings that were had before Paul Norton [an arbitrator] were not sufficient in law to constitute a bar to the plaintiff's action.

"3. That even if the plaintiff signed an instrument [as to the arbitrator] . . . that would only constitute an admission by him

which could be explained and would not estop him from showing how his account with the defendant actually stood.

"4. There is no evidence that the plaintiff gave the defendant any general release.

"5. The auditor's report is the only evidence in this case based on the examination of the whole account which states the true condition of the account between the parties.

"6. There is not sufficient evidence in this case to control the findings of the auditor, or to show that the findings of the auditor as to the items of the accounts between the parties are wrong."

The second, third and fourth rulings requested were given. The first, fifth and sixth were denied. The judge found for the defendant; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*F. A. Ballou,* for the plaintiff.

*G. A. Bacon,* for the defendant.

Jenney, J. This action was heard by a judge sitting without jury. The plaintiff offered in evidence the report of an auditor which contained a finding in his favor for $1,766.33, and rested. Oral evidence was then offered by the defendant, and in rebuttal by the plaintiff. The judge found for the defendant.

The only questions presented for decision are: Did the judge wrongfully refuse to instruct himself that upon the evidence the plaintiff was entitled to recover the exact amount of the auditor's findings with interest from the date of the writ? Was "the auditor's report . . . the only evidence . . . based on . . . [an] examination of the whole account which states the true condition of the account between the parties?" Was there "sufficient evidence . . . to control the findings of the auditor, or to show that . . . [his] findings . . . as to the terms of the accounts between the parties are wrong?"

The judge was justified in finding the following facts: The plaintiff, a broker who not only obtained loans for people but discounted and loaned money, had many transactions with the defendant in which it could have been found that the former borrowed money from the latter, and that they also exchanged notes. At times the defendant indorsed the plaintiff's notes and received from him security for so doing. In September, 1913, the parties were in controversy, and in that month their differences

were submitted in writing to an arbitrator who was to "determine what sums, if any, . . . [were] due from . . . King to . . . Freedman or from . . . Freedman to King." By the terms of this instrument the parties also agreed to accept the findings of the arbitrator and abide by the same. A prompt hearing was had, and, upon announcement of the decision, the plaintiff and the defendant signed an agreement reciting the submission and agreeing that upon an examination of the "checks, notes, books, etc." of the said King and the said Freedman it had been "determined and agreed that . . . King was indebted to Freedman" as therein set forth for $1,872.75, and in addition was liable to him as indorser for $736.50. In November of that year, a compromise settlement was made of the amount so determined. At the hearing before the arbitrator the plaintiff was present in person and was represented by an attorney; both he and his bookkeeper were heard. The bookkeeper testified in the Superior Court that all matters in controversy were submitted to the arbitrator; that the plaintiff's cash books, note books, checks and check stubs were presented to and examined by him; that the plaintiff did not then claim that the defendant was indebted to him; and that prior to this examination the plaintiff had gone over his accounts with the bookkeeper and that when this was done Freedman was not a debtor to King. The plaintiff testified that, during the year 1914, he first discovered the alleged indebtedness of the defendant to him at the time of the arbitration, and also explained why he was not aware of the indebtedness before that time. On October 4, 1915, he brought this action against the defendant, and in his declaration alleged that the defendant owed him $2,626.50 according to an account annexed consisting of forty-six items of debit, the first of which was dated February 7, 1912, and the last November 10, 1913. The declaration contained fifteen credit items in 1912 and in 1913, the last being dated June 27, 1913.

The case was referred to an auditor who found in detail as to the credits given by the plaintiff, and that the defendant was indebted to the plaintiff upon some of the items claimed in the declaration, the report specifying the amount due by reference to items in the declaration, but containing no statement of the facts upon which the findings of indebtedness were made.

The judge ruled, at the plaintiff's request and without objec-

tion of the defendant, that the proceedings before the arbitrator and the agreement signed by the parties to effectuate his decision did not constitute a bar to the action or estop the plaintiff from showing how his account with the defendant actually stood.

The report of the auditor was *prima facie* evidence under R. L. c. 165, § 55 (see now G. L. c. 221, § 56), for the plaintiff, who was entitled to a finding in accordance with its terms unless upon the facts found therein "both primary and subsidiary the report is reasonably susceptible of more than one inference" (*Barrell* v. *Paine*, 236 Mass. 157, *Wakefield* v. *American Surety Co. of New York*, 209 Mass. 173, *Wheeler* v. *Tarullo*, 237 Mass. 306, *Weisberg* v. *Hunt, ante*, 190), or unless the auditor's report was met or controlled by other evidence justifying a conclusion different from that contained therein. *Phillips* v. *Cornell*, 133 Mass. 546. *Quin* v. *Bay State Distilling Co.* 171 Mass. 283. *Wyman* v. *Whicher*, 179 Mass. 276. *Wakefield* v. *American Surety Co. of New York*, *supra.*

The exceptions to the refusal to give the first ruling hereinbefore stated must be overruled. It could not be ruled as matter of law that the auditor's report was conclusive. The judge was not bound to follow the report if he did not credit the evidence of the plaintiff that he did not know at the time of the hearings before the arbitrator of the existence of the indebtedness which he now claims to have then existed, and if found, as he may have done, that the plaintiff in other respects was untrustworthy, that the plaintiff had not claimed that the defendant was indebted to him in any amount, but on the contrary had admitted that no such indebtedness existed, and that the indebtedness claimed to exist was wholly an afterthought. It was not necessary for the defendant to offer evidence categorically as to each of the items claimed by the plaintiff.

The other rulings also were rightly refused. The judge for the reasons above stated was not obliged to rule that the auditor's report contained a true statement of the account between the parties, or that there was not sufficient evidence to justify a finding contrary to that of the auditor.

*Exceptions overruled.*