# CHARLESTON.

GENERAL CONSTRUCTION CO. v. HON. R. D. BAILEY, JUDGE *et al.*.

(No. 6023)

Submitted September 7, 1927.    Decided September 20, 1927.

JURY—*Statute Providing for Making and Stating Account Admissible in Evidence Held Not to Violate Guaranty of Jury Trial (Code, c. 129, § 10; Const., Art. 3, § 13).*

Section 10, Chapter 129, Code, providing that at law in any case in which it may be deemed necessary, the court may direct a commissioner or other competent person, either before or at the time of trial, to take and state an account between the parties, which account when thus stated shall be deemed prima facie correct and may be given in evidence to the court or jury trying the case, does not violate Section 13, of

Article 3 of the Constitution of West Virginia, guaranteeing the right of trial by jury.

(Juries, 35 C. J. § 150.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Original proceeding by the General Construction Company for prohibition to be directed to R. D. Bailey, Judge of the Circuit Court of Wyoming County, and others.

*Writ denied.*

*R. E. Hughes,* for petitioner.

*McGinnis & McGinnis* and *Price, Smith & Spilman,* for respondents.

*George Richardson, Jr.,* amicus curiæ.

LITZ, JUDGE:

The petitioner, General Construction Company, instituted in the circuit court of Wyoming County against the respondent, Covel Smokeless Coal Company, an action at law to recover damages for alleged violation of a building contract. The object of this proceeding, in prohibition, is to restrain the respondent, R. D. Bailey, Judge of said Court, from further proceeding in said action by order of reference under Section 10, Chapter 129, of the Code, directing the commissioner "to state an account between the parties upon their respective claims set up in the plaintiff's declaration and amended declaration and in the defendant's several pleas of set-off and counter claims, and to report to the court what sum, if any, is due from either of the parties herein to the other." Section 10, Chapter 129, Code, provides: "At law in any case in which it may be deemed necessary, the court may direct any such commissioner or other competent person, either before or at the time of the trial, to take and state an account between the parties, which account, when thus stated, shall be deemed prima facie correct, and may be given in evidence to the court or jury trying the case." Petitioner contends that the statute violates Section 13, Article 3 of the State Constitution, providing that "in suits at common law where the value in controversy exceeds $20.00, exclusive of

interests and costs, the right of trial by jury, if required by either party, shall be preserved.'' There is apparent conflict among the decisions involving statutes which authorize compulsory references in law cases.

"Statutes have been enacted in some states authorizing the courts, without the consent of the parties, to commit any cause to a referee for trial, and providing that after such trial, the cause should, at the request of either party, be tried by a jury, and that on such trial the report of the referee should be evidence of all the facts stated therein, subject to be impeached by either party. Such acts have been held constitutional so far as they authorize a compulsory reference, and they have also been held valid as to the provision making the report evidence on a trial before a jury on the ground that while a right of trial by jury in actions at law is secured by the constitution, the forms of proceeding and the rules of evidence are within the control of the legislature, and that the act merely provides a rule of evidence which is a power possessed by a legislature. But some courts have held a similar statute void so far as it made the report evidence, it being in violation of the constitutional provisions that trial by jury shall remain inviolate. This ruling is based on the ground that a report of the referee is, properly speaking, not evidence, but a decision, and the act declaring it prima facie evidence declares its effect as a decision, and in so far as it gives it effect, substitutes the judgment of a referee for that of the jury.''
23 R. C. L. 287.

It is held in the matter of Walter Peterson, as Receiver of the Interstate Coal Company, Inc., petitioner, 253 U. S. 300, 64 L. Ed. 923, that a reference before trial in a law case does not violate the seventh amendment to the Federal Constitution preserving the right of trial by jury. Justice Brandeis, who wrote the opinion of the court, referring to the order of reference, states: ''It did not provide affirmatively what use should be made of the report (of reference) at the trial. It may be assumed that, if accepted by the

court, the report would be admitted at the trial before the jury as prima facie evidence, both of the evidentiary facts and of conclusions of facts therein set forth. The report, being evidence sufficient to shift the burden of proof *(Wyman* v. *Whicher,* 179 Mass. 276, 60 N. E. 612), would tend to dispense with the introduction at the trial before the jury of evidence on any matter not actually in dispute.''

The purpose of Section 10 of Chapter 129 of the Code, as declared in *State* v. *Brookover,* 42 W. Va. 292, is ''not to do away with or change the rules of pleading, but only in the case of intricate accounts to have a commissioner make a statement of such accounts to aid the court to reach a just conclusion in determining issues properly joined.'' The statute does not prescribe the weight, if any, to be given by the jury to a finding of the commissioner where evidence is offered challenging its correctness. In *Holmes* v. *Hunt,* 122 Mass. 505, the Massachusetts court upheld the validity of an act, providing that ''when a cause is at issue in any court, whether the form of action be contract, tort or replevin, the court may, in their discretion, appoint one or more auditors to hear the parties, examine their vouchers and evidence, state accounts, and report upon such matters therein as may be ordered by the court; and the report shall be prima facie evidence upon such matters only as are expressly embraced in the order.'' In the opinion of the court it is said that the report under such reference does not change ''the burden of proof, technically speaking, but only makes out a prima facie case, and obliges the other party to offer evidence to rebut or control it, or else it will be conclusive.'' So construing the statute under consideration, it does not, in our opinion, infringe the constitutional provision guaranteeing the right of trial by jury.

Whether the case is one appropriate for reference under the statute need not be determined in this proceeding. Improper action by the court in this respect is correctible only upon writ of error and not by prohibition.

> ''Where the inferior court has original jurisdiction of the cause, prohibition will lie only in cases where such court during the conduct of the

trial clearly exceeds its proper jurisdiction or powers in some collateral matter arising on the trial, but unless it has so exceeded its authority, on application for a writ of prohibition the court above will not inquire whether it has decided right or not.''

*McConiha* v. *Guthrie*, 21 W. Va. 134.

The writ is therefore denied.

*Writ denied.*