ANTHONY F. KNEIZYS, administrator, *vs.* HAROLD S. STONE.

Suffolk.    December 9, 1936. — March 29, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Negligence*, Motor vehicle, In use of way, Contributory.  *Practice, Civil*, Ordering verdict.

Upon evidence of the circumstances of a collision between a piece of timber, being carried by a pedestrian who had stopped within an intersection of streets to permit an automobile to pass, and the rear of the automobile as it passed, causing injuries resulting in the death of the pedestrian, including a report of an auditor who, upon specific facts found by him, concluded that the operator of the automobile was not negligent and that the pedestrian was, a verdict properly was ordered for the defendant.

The ordering of a verdict for the defendant in an action of tort, justified upon evidence which included a report of an auditor, was not improper merely because the auditor's report, which was introduced in evidence, was not read to the jury.

TORT.    Writ in the Municipal Court of the City of Boston dated May 6, 1935.

On removal to the Superior Court, the action was tried before *Morton*, J., who ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. H. Healey*, (*H. Traverse* with him,) for the plaintiff.

*R. L. Mapplebeck*, for the defendant.

PIERCE, J.    This is an action of tort, with a declaration in two counts, in which the plaintiff, as administrator, seeks to recover for the death and conscious suffering of his intestate, Joseph Wollongavich. A trial was had to a jury in the Superior Court. At the conclusion of the plaintiff's evidence the defendant offered and the judge received an auditor's report, which was not read to the jury. The defendant then presented a motion for a directed verdict, which was allowed subject to the plaintiff's exception.

The bill of exceptions contains the declaration, the answer of the defendant (which was a general denial and an allegation of contributory negligence) and certain exhibits, intro-

duced at the trial but not specifically incorporated in the bill. It also contains all the evidence material to the issue raised in its aspect most favorable to the plaintiff, and the auditor's report.

The evidence warranted, in substance, the finding of the following facts: On April 4, 1935, at about 7:30 P.M. the deceased was walking on C Street in South Boston, Massachusetts, carrying on his shoulder a railroad tie about seven feet long. This tie projected some three feet or three and a half feet in front and in back of him. He was approaching the intersection of C Street and West Broadway. West Broadway runs approximately north and south; it has two sets of car tracks in its center and is fifty-four feet wide. C Street runs east and west. The deceased was proceeding in a westerly direction. The defendant was driving his automobile north on West Broadway and was about fifteen feet from the curb. He first observed the deceased when he was about thirty feet away and was about to enter the intersection of West Broadway and C Street, with the apparent intention of crossing it. The defendant slowed down and blew his horn. The deceased stopped. He was then two or three feet out on West Broadway at C Street. The defendant then increased his speed from five to ten miles an hour to twelve to fifteen miles an hour, and proceeded onward until the front of his automobile had passed the deceased, without hitting him or the tie which he was carrying. When the rear part of the automobile was opposite the deceased, the tie, which the deceased was carrying on his shoulder, struck or was struck by the rear right door of the automobile. This contact threw the deceased to the ground and caused personal injuries from which he died.

If the testimony of the defendant was disbelieved the testimony for the plaintiff was not sufficient to warrant a finding that the defendant, at the time of the collision, was unnecessarily and negligently driving too near the place where the deceased was standing, in view of the situation which was manifest to the defendant. Aside from the auditor's report there is no evidence as to exactly what occurred from the time the deceased stopped near the curb-

ing, apparently in a place of safety, until there was a bump against the side of the automobile of the defendant. The auditor found that the deceased entered the intersection of West Broadway and C Street with the apparent intention of crossing it; that the defendant slowed down and blew his horn; that the deceased stopped; that the defendant then increased his speed and proceeded onward until the front of his automobile had passed the deceased; that the deceased in the meantime had resumed his course in crossing West Broadway; that when the rear right door of the defendant's automobile was opposite him the tie which he was carrying came in contact with it; that he was thrown to the ground and sustained injuries from which he subsequently died; that no part of the defendant's automobile struck him; that the accident was not caused by the negligence of the defendant; and that, even if it were, the deceased on the undisputed facts was guilty of contributory negligence. The finding of the auditor that the deceased was guilty of contributory negligence establishes *prima facie* the defendant's defence of contributory negligence. This inference of contributory negligence could be rebutted if the jury drew an inference from the undisputed facts different from that drawn by the auditor. *Wyman* v. *Whicher*, 179 Mass. 276. In the case at bar there was no evidence of due care of the deceased, unless the jury found that the deceased stopped when he saw the defendant's automobile approaching; and there was no evidence of the defendant's negligence in going on after the deceased stopped. An auditor's finding that a plaintiff was guilty of contributory negligence is not rebutted merely by the statutory presumption that the person injured was in the exercise of due care. G. L. (Ter. Ed.) c. 231, § 85; c. 221, § 56. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370, 378. *Newell* v. *Chesley*, 122 Mass. 522, 524. *Fisher* v. *Doe*, 204 Mass. 34, 40, 41. *Wakefield* v. *American Surety Co.* 209 Mass. 173, 176. *Clement* v. *British American Assurance Co.* 141 Mass. 298. *Wyman* v. *Whicher*, 179 Mass. 276. See *McGuiggan* v. *Atkinson*, 278 Mass. 264, 266.

The auditor's report was admitted in evidence but not

read to the jury.  On this record the plaintiff contends that the report and the evidence therein were not before the jury, and that the ordering of a verdict for the defendant by the judge was error.  The report was received in evidence without objection.  We perceive no harmful error in the judge's ruling upon the evidence in the report without the formality of a reading to the jury.

*Exceptions overruled.*