Rescripts.

ALBRE MARBLE & TILE COMPANY, INC. *vs.* JOHN BOWEN CO., INC.   January 4, 1962.   The question presented by the defendant's exceptions to the judge's rulings on evidence is whether the rule as to damages stated in *Albre Marble & Tile Co. Inc.* v. *John Bowen Co. Inc.* 338 Mass. 394, 399–401, has been correctly applied.   We adopt the numerical designations used in the record and briefs to refer to the controverted items.   We do not disturb item 4 because the defendant has not argued it, nor items 7 and 8 because there was no objection to the evidence and no request for, or exception to, instructions to the jury regarding them.   Exceptions as to items 1, 2, and 3 are overruled because the items relate to work which the jury could say was undertaken by the plaintiff in conformity with the specific request of the defendant as provided in the contract.   Exceptions as to items 5, 6, 9, 10, 11, and 12 are sustained because they relate to work which the jury could not say was so undertaken.   The motion to amend the plaintiff's declaration is denied.   The defendant's exception to the denial of its motion for a new trial is overruled.   Judgment is to be entered for the plaintiff in the sum of $2,006.60 with appropriate interest.   G. L. (Ter. Ed.) c. 231, § 124.   *Flower* v. *Billerica,* 320 Mass. 193, 198.   See *Simmons* v. *Fish,* 210 Mass. 563.

*Daniel O. Mahoney,* for the defendant.
*Benjamin Goldman,* for the plaintiff.


MARY GOVEIA *vs.* SUPERIOR COURT.   January 8, 1962.   Petition dismissed.   In this petition for a writ of certiorari the single justice rightly refused to issue an order of notice.   This petition is an irregular and premature attempt to determine the contents of a record on appeal in a case still pending in the Superior Court.

*Charles W. Lavers,* for the petitioner.
No argument nor brief for the respondent.


ARMAND J. PROULX, administrator, *vs.* ST. JOHNSBURY TRUCKING CO., INC. (and two companion cases[1]).   January 12, 1962.   Exceptions overruled.   These are three actions of tort to recover damages for the death of the plaintiff's intestate and for property damage to his motor vehicle. They arose out of the same accident and were consolidated for trial.   The cases are here upon the plaintiff's exceptions to the allowance of the defendants' motions for directed verdicts.   The cases were first tried before an auditor who found that ". . . the plaintiff's intestate was not in the exercise of due care . . ." and ". . . the plaintiff has not sustained the burden of proving negligence on the part of the defendants."   He then found for the defendants in each case.   Subsequently the cases were tried before a jury.   At the trial the auditor's report was read to the jury. Evidence was introduced on the issue of negligence on the part of the defendant Gardner.   No evidence was introduced regarding the conduct of the plaintiff's intestate.   The auditor's finding that the plaintiff's intestate was not in the exercise of due care did not lose its "artificial legal force and compelling effect."   *Cook* v. *Farm Serv. Stores, Inc.* 301 Mass. 564, 566.   See *Wade* v. *Buchanan,* 306 Mass. 318.   Nor is the auditor's finding rebutted by the statutory presumption that the person injured was in the exercise of due care.   G. L. c. 231, § 85 (as amended through St. 1952, c. 533, § 1).   *Kneizys* v. *Stone,* 297 Mass. 31, 33.   There was no error.

*Robert H. Beaudreau,* for the plaintiff.
*Daniel A. Lynch, (Paul F. Degnan* with him,) for the defendants.

---

[1] The companion cases are by Armand J. Proulx, administrator, *vs.* Zelco, Inc., and Armand J. Proulx, administrator, *vs.* Glazer D. Gardner.