MICHAEL GAVIN, administrator, vs. LOUIS H. JACOBS, JR.

Suffolk.    March 10, 1927. — March 14, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Contributory, Of child, Motor vehicle, In use of highway.

Upon the record before this court upon a report by a judge of the Superior
    Court of an action of tort for causing conscious suffering and death of a
    child eight years of age, who was run into when he dropped from the
    back of an ice wagon in front of a motor vehicle operated by the defend-
    ant, it was *held,* that there was no evidence of negligence on the part
    of the defendant, and that it appeared that the accident could not have
    occurred if the plaintiff's intestate had used the care reasonably to be
    expected of a child of his years.

TORT, by the administrator of the estate of Walter Gavin,
to recover for causing conscious suffering and the death of
the plaintiff's intestate.    Writ dated August 6, 1923.

In the Superior Court, the action was tried before *Du-
buque,* J.    A verdict for the plaintiff in the sum of $750 on a
count for conscious suffering was received and, after leave
reserved under G. L. c. 231, § 120, was recorded, and in
accordance with such leave the judge afterwards caused a
verdict for the defendant to be entered.    The plaintiff
alleged exceptions.

The case was submitted on briefs.

*F. W. Mansfield & E. R. Mansfield,* for the plaintiff.

*J. M. Graham,* for the defendant.

BY THE COURT.    This is an action of tort to recover for
the conscious suffering and death of the plaintiff's intestate,
a child aged eight years and ten months, alleged to have been
caused by the negligence of the defendant in operating an
automobile.    The evidence, in its aspect most favorable to
the plaintiff, tended to show that the plaintiff's intestate,
riding on the back of an ice wagon, dropped off the back of
the ice wagon and was almost immediately struck by the
defendant's automobile.    There is no evidence to support a
finding of negligence on the part of the defendant.    His

speed was not excessive, and there is nothing to indicate that he could have foreseen that the plaintiff's intestate would be in contact with his automobile. It is manifest also that the accident could not have occurred if the plaintiff's intestate had used the care reasonably to be expected of a child of his years. *Mills* v. *Powers,* 216 Mass. 36. *Kelley* v. *Boston & Northern Street Railway,* 223 Mass. 449. *Rizzittelli* v. *Vestine,* 246 Mass. 391.

*Judgment for the defendant on the verdict.*