John Costa vs. Lawrence E. Slade.

Bristol.    October 25, 1932. — November 29, 1932.

Present: Rugg, C.J., Crosby, Wait, Donahue, & Lummus, JJ.

*Negligence*, Motor vehicle, In use of way.

A verdict properly was entered for the defendant under leave reserved at the trial of an action of tort for personal injuries against the operator of an automobile, where evidence for the plaintiff showed merely that he, riding in a motor truck by permission of its driver and deciding to get off, looked back where a curve of the street ·permitted him an unobstructed view for "a block," as to the length of which there was no evidence, saw no automobile, and "hopped off" the truck over the tailboard, facing in the direction the truck was going as he did so; that at that time the truck was running not "very fast," close to the right hand curb; that the plaintiff had taken two or three steps toward that curb, when he was struck by the automobile operated by the defendant, which was going in the same direction as the truck; and that the plaintiff heard no horn: the evidence did not warrant a finding of negligence on the part of the defendant.

Tort.    Writ dated November 26, 1926.

In the Superior Court, the action was tried before *Broadhurst*, J. Material evidence is described in the opinion. A verdict for the plaintiff in the sum of $1,000 was recorded with leave reserved under G. L. (Ter. Ed.) c. 231, § 120. Thereafter the judge ordered the entry of a verdict for the defendant. The plaintiff alleged an exception.

The case was submitted on briefs.

*H. W. Radovsky & I. H. Simon*, for the plaintiff.

*H. F. Hathaway*, for the defendant.

Lummus, J. The plaintiff excepted to the entering of a verdict for the defendant by leave reserved (G. L. [Ter. Ed.] c. 231, § 120), after the jury had returned a verdict for the plaintiff. The question is whether the evidence warranted a verdict for the plaintiff.

The plaintiff, fourteen years old, on his way to school about eight o'clock in the clear morning of October 25, 1926, signalled a truck about to go up a hill on North Main

Street in Fall River, a main street with double car tracks leading from the railroad station to the court house. The driver slowed down while the plaintiff jumped into the back of the truck and sat down, and then went south up the hill. Just before getting to Prospect Street the plaintiff decided to get off, looked back north where the curve of the street permitted him an unobstructed view for "a block," saw no automobile, and "hopped off" the truck over the tail-board, facing south as he did so, in the direction in which the truck was going. At that time the truck was running not "very fast," close to the right hand or west curb. On getting off, the plaintiff took two or three steps toward the right hand or west sidewalk, when he was hit by an automobile operated by the defendant, also going south. The defendant rested on the evidence for the plaintiff.

No evidence of the conduct of the defendant was offered, except that the plaintiff testified that he heard no horn. If the plaintiff was in such a position that his failure to hear a horn is evidence that none was sounded (*Hough* v. *Boston Elevated Railway*, 262 Mass. 91, 93, 94; *Cairney* v. *Cook*, 266 Mass. 279), there is nothing to show that the defendant had reason to anticipate the plaintiff's act in season to give effective warning by a horn. When a person suddenly gets off the rear of a moving truck, even a careful driver of a following automobile may be unable to avoid an accident, either by stopping or by changing his course, not knowing which way the person alighting will turn. *Gavin* v. *Jacobs*, 259 Mass. 23. The fact that the plaintiff, before getting off, looked back and saw no automobile within a "block," is no evidence of undue speed by the defendant, for the length of the "block" and the speed of the truck did not appear. There is scarcely more in this case than the mere happening of the injury, to show negligence of the defendant. *Whalen* v. *Mutrie*, 247 Mass. 316. *Ellis* v. *Ellison*, 275 Mass. 272. *Engel* v. *Checker Taxi Co.* 275 Mass. 471. The plaintiff did not sustain his burden of presenting evidence warranting a finding that the defendant was negligent. *Gavin* v. *Jacobs*, 259 Mass. 23.

*Exceptions overruled.*