CATHERINE HERBERT *vs.* MORRIS ANBINDER.

Middlesex. February 9, 1938. — February 27, 1939.

Present: DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil,* Auditor: findings.

It would not have been proper to instruct the jury that findings of an auditor required a verdict in accordance therewith unless the jury believed that contradictory evidence admitted "controls" his findings; such findings had become merely evidence to be considered by the jury with all the other evidence.

TORT. Writ in the Superior Court dated June 5, 1934.

There was a verdict for the plaintiff in the sum of $2,500 at the trial before *Brown,* J. The defendant alleged exceptions.

*J. J. Mulcahy,* for the defendant.

*E. J. Bushell,* for the plaintiff.

DONAHUE, J. The plaintiff, while crossing a public highway, was struck and injured by an automobile truck owned by the defendant and operated by his employee. Her action to recover damages was referred to an auditor whose findings of fact were not made final by the order appointing him. He found that the operator of the defendant's truck was negligent and that the plaintiff was also negligent, and made a finding for the defendant.

The case was tried in the Superior Court before a jury on the auditor's report and the testimony of witnesses. There was a verdict for the plaintiff. The defendant does not here contend that the case should not have been submitted to the jury. His contention is that there was error

in the denial of two requests for instructions to the jury which dealt with the matter of the effect which the jury should give to the auditor's report, and in the portion of the judge's charge dealing with that subject.

The requests for instructions to the denial of which exceptions were taken were "3. Unless you believe evidence admitted controls the auditor's findings, then you have no right to find a verdict different from the auditor's report"; and "8. In order to find for the plaintiff, you must find that there is evidence which controls and refutes the auditor's finding." The charge of the judge with respect to the auditor's report was as follows: "Now, the report of the auditor, this case having been tried once before . . . has this effect: If this case were tried without any witnesses, the auditor's report would absolutely govern your conclusion. There has been a finding by the auditor of certain facts. . . . But where there is evidence introduced in the case and the case is retried, and you hear the witnesses as to any fact concerning which there is testimony, you are to try the case as if it had never been tried before, taking the auditor's report, however, as a piece of testimony with the rest of the testimony in the case, the burden being on the plaintiff to satisfy you that the defendant was negligent, and upon the defendant to satisfy you that the plaintiff was contributorily negligent."

There was testimony introduced at the trial in the Superior Court which would have warranted a finding contrary to the finding of the auditor that the plaintiff was chargeable with contributory negligence. The mere introduction of the testimony warranting such contrary finding took from the auditor's report the effect that the findings of the auditor must be taken to be true, leaving the effect that the report was evidence to be considered by the jury with other evidence in the case. "The rule as to auditors is, that a finding of fact by an auditor retains the artificial legal force and compelling effect which it has by virtue of being '*prima facie* evidence,' until, and only until, evidence appears that warrants a finding to the contrary. . . . The finding of an auditor, after evidence to the contrary

appears, remains evidence . . . ." *Cook* v. *Farm Service Stores Inc.* 301 Mass. 564, 566, 567.

It was not necessary for the judge to state to the jury this rule in its entirety. It was enough to tell them the result of the application of the rule in the present case. This he did briefly but adequately.

The third and the eighth requests for instructions to the jury were rightly denied. The auditor's report having become merely evidence did "not exclude, nor as matter of law supersede or overcome, other competent evidence." *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 246. It was for the jury to say what weight should be given to the report, *Wyman* v. *Whicher,* 179 Mass. 276, 277, and it would not have been proper for the judge to instruct the jury that one part of the evidence, the auditor's report, controlled another part of the evidence, the testimony given at the trial.

*Exceptions overruled.*