Rose E. White *vs.* Edward J. Lewis.

Warren White *vs.* Same.

Hampden.    September 21, 1939. — March 26, 1940.

Present: Field, C.J., Donahue, Qua, Dolan, & Cox, JJ.

*Negligence,* Gross, Motor vehicle.

Facts found by an auditor, whose findings, not to be final, were not contradicted by other evidence at a subsequent trial where the report was in evidence and were in substance that, although the defendant, operating an automobile approaching an intersection of ways with an opportunity to see another automobile, driven at a rate of about fifteen miles per hour approaching the same intersection and entering it before him, knew or should have known that the other operator did not intend to stop or slow down, he nevertheless increased his own speed to forty-five miles per hour, paid no attention to warnings by the plaintiff, a guest, "created a situation that involved risk of injury to" the plaintiff, and "was indifferent to such risk," warranted a conclusion that a consequent collision injuring the plaintiff was caused by the defendant's gross negligence.

Two actions of tort. Writs in the District Court of Springfield dated September 14, 1935.

On removal to the Superior Court, the actions were tried before *T. J. Hammond,* J., and verdicts were returned for the plaintiffs in the sums of $2,492.93 and $2,500, respectively. The defendant alleged exceptions.

The cases were submitted on briefs.

*I. R. Shaw & J. A. Anderson, Jr.,* for the defendant.

*G. H. Hughes,* for the plaintiffs.

Donahue, J. The plaintiffs, a mother and her minor son, upon the invitation of the defendant were riding in an automobile owned and operated by the defendant and were injured when his automobile collided with another automobile at the intersection of two streets in the city of Springfield. The declarations of the plaintiffs allege that their injuries were due to the gross negligence of the defendant.

The cases were referred to an auditor whose findings were not made final by the order of reference. He filed a report in each case; the reports are identical except as to the matter of damages. He found for the plaintiff in each case. Thereafter the cases were tried before a jury. The reports of the auditor were introduced in evidence. The female plaintiff, the defendant and another man, all of whom had testified before the auditor, also testified before the jury. Only a small portion of their testimony appears in the record. The parties here argue on facts found by the auditor. There was a verdict for the plaintiff in each case. The only exceptions argued before us are to the denial of the defendant's motions for the direction of verdicts in his favor.

1. The following facts were found by the auditor:

The defendant called at the plaintiffs' home on a Sunday morning to take them to ride. Before starting "an argument developed which put the defendant in a bad humor." Several times while the automobile was proceeding from the plaintiffs' home to the place where the accident occurred the defendant operated it at the rate of speed of forty miles an hour, but on objection of one or both of the plaintiffs he reduced its speed. The collision between the two automobiles occurred at the intersection of Berkshire Avenue and Page Boulevard. The defendant's automobile was proceeding in an easterly direction on Berkshire Avenue which was eighty feet wide. The other automobile was proceeding in a southeasterly direction on Page Boulevard which is about seventy feet wide.

The two streets intersect at a sharp angle. At the northwest corner of the intersection there is a triangular area on which there was a gasoline filling station located about fifty feet from the apex of the triangle. In the rear of the filling station there was an area of unoccupied land. Automobiles moving southeasterly on Page Boulevard toward Berkshire Avenue may be seen from Berkshire Avenue across the triangle, in the rear and in front of the filling station. Likewise automobiles moving easterly on Berkshire Avenue may be seen across the triangle from Page Boulevard.

The defendant's automobile, proceeding easterly on Berk-

shire Avenue, was going at the rate of speed of about thirty-five miles an hour up to a point about three hundred feet from the spot where the collision occurred and about two hundred fifty feet west of Page Boulevard. The defendant then increased its speed to forty-five miles an hour. The other automobile, proceeding southeasterly on Page Boulevard, as it approached the intersection was moving at the rate of about ten miles an hour, which was increased to fifteen miles an hour, and proceeded into the intersection at the rate of speed of about fifteen to twenty miles an hour.

The other automobile entered the area of intersection some distance before the defendant's automobile. The female plaintiff, seeing that the other automobile had entered the intersection, and realizing that the defendant was increasing the speed of his automobile, shouted to the defendant to slow down and stop. The defendant at no time took his hands from the wheel or eyes off the road, but continued on until the other automobile collided with the rear of the left side of the defendant's automobile opposite the middle line of Page Boulevard.

There was at that time no other moving vehicle in the vicinity, but a truck which had been approaching southeasterly on Page Boulevard had been stopped by its operator before entering the area of intersection when he saw the approaching automobile of the defendant.

2. The auditor found "on the evidence . . . that the . . . [other automobile] entered the Berkshire Avenue intersection some distance ahead of the defendant; that the defendant saw it or should have seen it; that the defendant knew or should have known that the driver of the . . . [other automobile] did not intend to stop or slow down; that the defendant increased his speed when he should have reduced it; that he paid no attention to warnings shouted by . . . [the female plaintiff]; that his conduct created a situation that involved risk of injury to . . . [the plaintiffs] as well as to himself; that he was indifferent to such risk; that his conduct subjected them to the prospect of injury." He found that the conduct of the defendant was such as to constitute gross negligence and that there was no

lack of due care on the part of the plaintiffs; and he assessed damages in each case.

3. One contention of the defendant is that the finding of the auditor that the other automobile entered the area of intersection before the defendant's automobile was inconsistent with subsidiary facts found by him. The auditor found that the other automobile was "about" one hundred feet from Berkshire Avenue when the defendant's automobile "was at Seneca Street" which was "about" two hundred fifty feet from Page Boulevard; that the speed of the other automobile was increased at some point from "about" ten miles an hour to "about" fifteen miles an hour, and that at Seneca Street the defendant increased the speed of his automobile from "about" thirty-five to "about" forty-five miles an hour. From the foregoing facts, by a mathematical computation, the defendant concludes that the two automobiles reached the area of intersection at the same time. None of the factors in such a computation are stated in terms of precision. The reported facts do not disclose either that the vehicles were moving exactly at the designated speeds or at just what point their operators commenced to operate them at such speeds. The defendant fails to show that the subsidiary findings are inconsistent with the specific finding of the auditor that the other automobile entered the intersection first. The defendant's contention that he was justified in disregarding the warnings of the plaintiff and in endeavoring to get across the intersection ahead of the other automobile is based on the assumption that the two vehicles reached the area of intersection at the same time. The auditor was not required to make such assumption.

The defendant also contends that negligence of the operator of the other automobile reduced the fault of the defendant, if there was any fault, to ordinary negligence. The facts found do not show conduct of the other operator inconsistent with a finding of gross negligence on the part of the defendant.

Specific conclusions made by the auditor, which are set out above in section two, are not inconsistent with the subsidiary facts found by him, which are stated in section two.

His ultimate findings that the defendant was guilty of gross negligence and that the plaintiffs exercised due care are not inconsistent with his subsidiary findings.

4. The defendant, the female plaintiff and a witness all testified both before the auditor and before the jury. As earlier stated, little of their testimony at the trial before the jury appears in the bill of exceptions. The few facts in the testimony of the defendant before the jury set out in the bill of exceptions were facts that had been found by the auditor. The bill states that "further contradicting testimony of the defendant is omitted from the bill as not material." The only statement of the testimony of the female plaintiff before the jury that appeared in the bill of exceptions is that "the collision occurred in the southeast quadrant of the intersection." The bill states that her "testimony at the trial [before the jury] relating to liability was the same as that given before the auditor" and that "material portions of her testimony are set forth in the auditor's reports." The driver of the truck referred to in the auditor's report was called as a witness by the plaintiffs at the trial before the jury. The only testimony given by him at the trial before the jury that appears in the bill of exceptions was his statement, on cross-examination, to the effect that he stopped his truck at the intersection because he saw the defendant's automobile "coming up the road." The bill states that his testimony before the jury "was similar to that given before the auditor, material portions of which are set forth in the auditor's reports."

The evidence introduced at the trial before the jury, that appeared in the bill of exceptions, did not take away the *prima facie* effect of the auditor's report; even if it did, the auditor's report would remain evidence on which the jury could find for the plaintiffs. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 569.

The findings of the auditor warranted the conclusion by the jury that the plaintiffs were in the exercise of due care and that the defendant was guilty of gross negligence. *Manning* v. *Simpson,* 261 Mass. 494, 496. *Learned* v. *Hawthorne,* 269 Mass. 554, 561. *Dzura* v. *Phillips,* 275

Mass. 283, 288, 289. *Gionet* v. *Shepardson*, 277 Mass. 308. *Curtis* v. *Comerford*, 283 Mass. 589, 592–593. *MacEachern* v. *Stieler*, 289 Mass. 346. *O'Neill* v. *McDonald*, 301 Mass. 256.

*Exceptions overruled.*