NELLIE K. WADE, administratrix, vs. HARRY D. BUCHANAN.

Middlesex.   May 7, 1940. — June 25, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Negligence*, Contributory, Bicycle, In use of way.   *Practice, Civil*, Auditor: findings.   *Evidence*, Presumptions and burden of proof.

In an action for death, a finding by an auditor whose findings were not final, that the deceased was guilty of contributory negligence, was not rebutted merely by the presumption of due care under G. L. (Ter. Ed.) c. 231, § 85.

There was no merit in a contention in an action for personal injuries that the issues of the defendant's negligence and the plaintiff's contributory negligence as dealt with in an auditor's report were so interdependent that, if there was evidence at the trial rebutting his conclusion that the defendant was not negligent, his conclusion that the plaintiff was guilty of contributory negligence was also rebutted.

Mere disbelief of testimony unfavorable to a party is not a contradiction of findings favorable to the adverse party by an auditor whose findings were not final.

A categorical finding by an auditor, whose findings were not final, that the plaintiff, a bicycle rider, was not in the exercise of due care required a verdict for the defendant where further uncontradicted findings by the auditor were that, as the defendant's automobile was passing very close to a large truck going in the opposite direction at the middle of the street, the rider, who had been "hanging on" to the left rear of the truck, suddenly rode out diagonally to his left, across the center line of the street and directly into the path of and into collision with the automobile.

TORT.   Writ in the Third District Court of Eastern Middlesex dated October 15, 1937.

Upon removal to the Superior Court, the action was referred to an auditor and afterwards was tried before *Broadhurst*, J.   There was a verdict for the plaintiff in the sum of $634.   The defendant alleged an exception.

*W. J. Killion & F. J. Good*, for the defendant, submitted a brief.

*A. F. Richard*, for the plaintiff.

COX, J.   The plaintiff's intestate, forty-four years old, after suffering consciously, died in consequence of injuries

resulting from a collision on June 10, 1937, at about 5:25 o'clock in the afternoon, between the bicycle that he was riding and an automobile owned and operated by the defendant. This is an action for his death (G. L. [Ter. Ed.] c. 229, § 5, as amended by St. 1937, c. 406, § 3) and conscious suffering. Upon the report of an auditor and other testimony, the case was tried to a jury, which took a view (*Keeney* v. *Ciborowski*, 304 Mass. 371, 374), and a verdict for the plaintiff was returned. The only exception is to the denial of the defendant's motion for a directed verdict.

It could have been found that the collision occurred in Newton on Washington Street, which is thirty-one feet seven inches wide between the curbs. The defendant was travelling to the east and, at about the time of the collision, was passing an automobile proceeding in the same direction; he was also passing a twenty-ton trailer truck, travelling in the opposite direction, which was carrying a ten-ton load and was, in turn, passing an automobile parked on its right. This truck was about thirty-five feet long, eight feet wide in the rear, and ten feet six inches in height. Its rear consisted of a box with four sides and a roof and its rear end was closed with canvas. As they passed, the distance between the defendant's automobile and the truck, from side to side, was about six inches.

The auditor found that the deceased, for some distance before the collision, with his left hand about five inches from the left side, had been "hanging on" to the rear of the truck, and that his right hand was on the handle bar of the bicycle; that he rode out to his left from behind the truck "directly into the path" of the defendant's automobile; that he made an effort to turn his wheel to the right but struck the automobile just in front of its left headlight; that his bicycle rode up over the bumper, his body hurtling through the air, and that his head went through the left side of the windshield. He also found that the deceased's vision ahead was blocked by the truck; that the left wheels of the defendant's automobile were six inches north of a manhole that is seventeen inches south of the middle line of the street, and that, allowing for an

overhang of five inches of the automobile, photographs taken at the time of the collision showed that the defendant was on his right hand side of the street; that the intestate crossed the center line of the street and was to the left of the center at the moment of the impact. He found, categorically, that the deceased was not in the exercise of due care.

A witness testified that, as she was travelling in her automobile to the west, she observed ahead a large truck (which could have been found to have been the one already referred to), and that for five "blocks" there was no other automobile between it and her; that she noticed a man on a bicycle hanging on to the back of the truck with his left hand five or six inches from the left side, coasting along, with his right hand on the handle bar; that when last seen by her at a distance of about two hundred yards from the place of collision he was holding on to the back of the truck.

The defendant testified that he saw the deceased when the latter "swung out" from in back of the truck, and when he was about five or six feet away; that the deceased came toward him on an angle, diagonally, and came to the left of the center of the street. A witness who was riding with the defendant testified that the truck was pulled out to pass the parked automobile as they came abreast; that the defendant's automobile was "practically by the truck, a short distance to go, about five or six feet," when the bicycle suddenly appeared from behind the truck; that the deceased was bent well over the handle bar, looking up; that when he first observed him, he was coming out at a slight angle; that as he was coming out "they saw him, and he saw them, at about the same time"; that the defendant immediately applied the brakes and the crash came "right then at the same instant"; that when he first saw the deceased come out from behind the truck he was about five or six feet, "no more," from the defendant's automobile, and that, with reference to it, the bicycle was coming at a slight angle, almost directly at it.

The plaintiff introduced in evidence an interrogatory and

the defendant's answer thereto, from which it appeared that when the defendant first saw the deceased the latter pulled out from the rear of the truck and came to the left of the center of the street; that the defendant first saw him when the rear end of the truck passed the front end of his automobile "at which time he [the deceased] turned out to his left suddenly and without warning and ran into the left front fender of . . . [the defendant's] automobile."

The plaintiff concedes that the traffic was heavy in both directions, and there was evidence that it was "travelling pretty close together." There were brake marks on the surface of the street that went straight from east to west; and "they ran from the rear of the defendant's car where they started; . . . they ran right up to the rear wheels."

The defendant admits "for the purpose of . . . [his] brief" that there was a "scintilla of evidence to submit to the jury on the issue of his negligence," but contends that the auditor's finding of contributory negligence on the part of the deceased was uncontrolled by other testimony, and also that the plaintiff was bound by the defendant's answers to her interrogatories which, he contends, establish contributory negligence.

The binding force and effect of an auditor's findings of fact, unshaken by other evidence, are settled, *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 566, and cases cited; *Herbert* v. *Anbinder*, 302 Mass. 396, 397, and an auditor's finding that the plaintiff was contributorily negligent is not rebutted merely by the statutory presumption that the person injured was in the exercise of due care. G. L. (Ter. Ed.) c. 231, § 85; c. 221, § 56. *Kneizys* v. *Stone*, 297 Mass. 31, 33.

The plaintiff contends [1] that, if the evidence at the trial

---

[1] This contention, as stated in the plaintiff's brief, was as follows:

"It is submitted that there was sufficient evidence from which the jury could have found the defendant negligent, and that, having arrived at that conclusion, the auditor's finding that the deceased was not in the exercise of due care was deprived of its artificial legal effect.

"It is clear that the auditor's theory of the happening of the accident was that the deceased rode out across the middle of the street at a time when the defendant, who was on his right side of the street, was moving at a reasonable speed. He therefore placed the blame for the accident on the deceased. Naturally his view of the deceased's movements must have depended on his conclusions as to the defendant's conduct and *vice versa*. The defendant's

was sufficient to warrant a finding that the defendant was negligent, the auditor having found that he was not, then the auditor's finding that the deceased was not in the exercise of due care is deprived of its legal effect. We do not adopt this conclusion. In the trial of an action such as the case at bar, the plaintiff, in order to prevail, must establish the negligence of the defendant, but the due care of the deceased is also an issue (G. L. [Ter. Ed.] c. 229, § 5) and, as to this issue, the burden is cast by statute upon the defendant. (G. L. [Ter. Ed.] c. 231, § 85.) As was pointed out in *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, at page 566, "The rule as to auditors is, that a finding of fact by an auditor retains the artificial legal force and compelling effect which it has by virtue of being '*prima facie* evidence,' until, and only until, evidence appears that warrants a finding to the contrary." It is true, as was pointed out in that case at page 567, that the "evidence that warrants a finding contrary to that of the auditor, and therefore deprives the auditor's finding of its artificial force, may consist of evidence outside the report, introduced at the trial . . . , or of subsidiary or specific findings of fact by the auditor, from which an inference may be drawn as to an ultimate or other fact, contrary to the finding of the auditor with reference to that fact." Where an auditor has made findings of fact as to different issues involved in the case, we are of opinion that the rule stated in the *Cook* case applies to his findings with respect to the several issues.

We think that it was error to deny the defendant's motion for a directed verdict. The plaintiff contends that the

---

speed, position on the street, etc., therefore were vital factors in the auditor's general conclusions, and if the jury could have come to a different conclusion on these points it was entitled to draw a conclusion contrary to the auditor's on the question of the deceased's due care.

"The evidence already referred to in this brief shows that the jury was justified in adopting a theory of the accident radically different from the auditor's theory.

"Since the evidence warranted a finding that the defendant was negligent, a finding contrary to that of the auditor on the point, it follows that the finding by the auditor concerning the deceased's due care being inextricably bound up with the defendant's conduct could no longer retain any *prima facie* effect, and the statutory presumption of due care required that the question whether the presumption had been rebutted be submitted to the jury." — REPORTER.

jury could have found that the deceased, at the moment of impact, was behind the truck on his right of the center of the street and that it could have been inferred that the defendant swerved around the end of the truck and struck him. We find nothing in the record that warrants this inference. The physical facts that the brake marks were straight, and the absence of any evidence to the contrary, would seem to dispose of this contention. Compare *Foster v. Boston Elevated Railway*, 214 Mass. 61, 63. If the jury had disbelieved the other testimony introduced at the trial that was unfavorable to the plaintiff, there still remained the findings of the auditor as to the movements of the deceased, which were uncontradicted and unshaken.

The auditor found that the defendant was not negligent, and, in this connection, that he was on his right hand side of the center of the street at the time of the impact. The plaintiff contends that it could have been found that the left side of the defendant's automobile was over the center line of the street by a matter of inches, and she has presented figures as to distances and spaces, some of which do not appear in the record either directly or by inference, to substantiate this contention. See *White v. Lewis*, 305 Mass. 450, 453. But upon the view of the evidence most favorable to the plaintiff, and its permissible inferences, the conclusion is inescapable that the deceased rode out to his left "directly into the path" of the defendant's automobile. If we assume that the automobile was over the center line of the street a matter of inches, and that the deceased had a right to rely to a reasonable extent upon the expectation that the defendant would observe the law of the road as he was passing the truck, nevertheless such reliance is unavailing where, as here, a difference of the matter of inches, as contended, in the position of the automobile, would not have saved the deceased. *Tognazzi v. Milford & Uxbridge Street Railway*, 201 Mass. 7, 9–10. *Cohen v. Boston Elevated Railway*, 202 Mass. 66, 68. *Sheehan v. Boston & Northern Street Railway*, 215 Mass. 463, 466. *Will v. Boston Elevated Railway*, 247 Mass. 250, 251. The plaintiff is not helped by the testimony of a witness,

not a party, who admitted "saying" what he saw the deceased do, as we are of opinion that, if the subject matter of his statement were given full probative force, it would not affect the result.

There is nothing in the cases of *Cohasset* v. *Moors*, 204 Mass. 173, 179, 180, or *Chandler* v. *Prince*, 217 Mass. 451, 456, that is at variance with our ultimate conclusion.

The finding of the auditor that the deceased was contributorily negligent cannot be disturbed, and an examination of the entire record leads to the conclusion that the defendant's motion should have been granted. *Messenger* v. *Dennie*, 137 Mass. 197; *S. C.* 141 Mass. 335. *Mills* v. *Powers*, 216 Mass. 36. *Gibb* v. *Hardwick*, 241 Mass. 546. *Will* v. *Boston Elevated Railway*, 247 Mass. 250. *Stevens* v. *Boston Elevated Railway*, 250 Mass. 288, 290. *Gavin* v. *Jacobs*, 259 Mass. 23. See *Costa* v. *Slade*, 281 Mass. 200; *Baker* v. *Davis*, 299 Mass. 345, 347.

It is unnecessary to consider in detail the force and effect of the defendant's answers to some of the plaintiff's interrogatories that were put in evidence; it is sufficient to say that they do not aid the plaintiff.

*Exception sustained.*

*Judgment for the defendant.*