336 Mass. 573                                            573

Institute etc. Model Plant, Inc. *v.* Wm. Filene's Sons Co.

INSTITUTE FOR MAINTAINING DRYCLEANING STANDARDS
MODEL PLANT, INC. *vs.* WM. FILENE'S SONS COMPANY.

Suffolk.   November 8, 1957. — January 2, 1958.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Practice, Civil,* Auditor: findings; Requests, rulings and instructions.
   *Evidence,* Presumptions and burden of proof.

There was no error in an action in directing a verdict for the defendant
   as plaintiff in set-off on the basis of an uncontradicted report of an
   auditor whose findings were not to be final. [574]
No error appeared in an action in a refusal to give in terms a requested
   instruction where it was inconsistent in form with other instructions
   already given at the request of the same party and where its sub-
   stance was given to the extent which was proper. [574–575]
An exception saved in an action to a refusal to give in terms a requested
   instruction must be overruled where in effect the instruction was
   given with one omission which, if anything, was favorable to the ex-
   cepting party. [575]

CONTRACT.   Writ in the Superior Court dated December
19, 1949.

The action was tried before *Morton,* J.

*Albert W. Wunderly,* for the plaintiff.

*Walter Powers, Jr.,* for the defendant.

WILKINS, C.J.   In this action of contract for breach of a
written agreement the declaration alleges that the defendant
(Filene's) committed a breach by discontinuing its cleansing
business and so bringing about a forced liquidation of the
plaintiff (Model Plant).   There is a declaration in set-off for
rent, lost articles, and the cost of restoring premises owned
by Filene's and occupied by Model Plant.   The case was
first heard by an auditor, findings of fact not to be final,
who found substantially in favor of Filene's.   There were
findings, among others, that the financial condition of Model
Plant had been such that it could not have supplied the

service called for by the contract for any length of time regardless of what Filene's might or might not do; and that damage to Model Plant could not be found, because the market value of its machinery could not be determined on the evidence. The case was then tried to a jury. The auditor's report was in evidence and was contradicted by additional evidence in one respect only, namely, the market value of the machinery. The judge directed a verdict for Filene's on the declaration in set-off for the amount found by the auditor with interest. The jury returned a verdict for Filene's in the action.

Model Plant excepted to the direction of the verdict on the declaration in set-off. There was no error. The auditor's report was a prima facie case, and there was no evidence in contradiction of the report with respect to the declaration in set-off. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564. *Wade* v. *Buchanan,* 306 Mass. 318, 321–322. *Guertin* v. *Trustees of New York, New Haven & Hartford Railroad,* 322 Mass. 91, 92. *L. W. Severance & Sons, Inc.* v. *Angley,* 332 Mass. 432, 437. See G. L. (Ter. Ed.) c. 221, § 56.

Model Plant argues exceptions to the denial of its third and sixth requests for instructions. Filene's argues that, as the jury must have found either that Filene's had not broken the contract or that Model Plant was not damaged or both, these requests are no longer material. However that may be, neither request could have been given in the form presented.

The third request was, "If the jury finds that the defendant discontinued its dry cleaning service to its customers, then it is guilty of a breach of the written contract declared upon and the plaintiff is entitled to a judgment for damages." But the judge had already given requests numbered 1 and 2, which were: "1. The provisions of the contract, when interpreted in the light of the circumstances and purposes to be accomplished, mean that the defendant was under an obligation to carry on the dry cleaning service rendered to its customers during the life of the contract and

not voluntarily to stop the normal flow of that business to the plaintiff. 2. The plaintiff assumed the risk of the volume of the defendant's normal dry cleaning business but did not assume the risk of the defendant voluntarily giving up that business or any part of it." Previously in his charge the judge had stated: "Suppose you find that it was wrong for them [Filene's] to take their [Filene's] customers' business away. Then they [Model Plant] are entitled, if you so find, to damages. The third request omitted the word "voluntarily." This omission was inconsistent with requests numbered 1 and 2, and assumed that any giving up of the business was "wrong." The substance of the third request was given to the extent that was proper.

Request numbered 6 was, "If the jury finds that the defendant breached the contract and by such breach caused the plaintiff unavoidably to lose its machinery, then one of the elements of damage to be assessed against the defendant is the fair market value of the machinery at the time of the breach." As to this, the court said: "Of course, that's a little different than I gave it to you because I can't say that he caused the plaintiff unavoidably to lose its machinery because the mortgagee had the situation in his hands. The mortgage was in default, he could foreclose any time he wanted to." The effect of this was to give the request except for the word "unavoidably," the omission of which, if anything, was favorable to Model Plant. The judge's treatment of the request was, in our opinion, exactly right.

*Exceptions overruled.*